BEAN v. HALL. (No. 982.)

(Court of Civil Appeals of Texas. Amarillo. May 3, 1916.)

1. TRIAL ☞203(2) — INSTRUCTION — REFUSAL OF REQUEST PRESENTING DEFENSE.

An affirmative defense, especially if pleaded, presented by a requested instruction, and not presented in the main charge of the court, constitutes error, if refused, provided the facts raised the issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 478, 479; Dec. Dig. ☞203(2).]

2. CORPORATIONS ☞81 — SUBSCRIPTION TO STOCK—CONTRACT—OPTION—WAIVER.

The subscriber to corporate stock, who gave a note therefor, by executing renewals to a bank, the holder, paying interest thereon, and treating the notes as his individual debt, did not waive his option, under a collateral contract with the party who induced him to subscribe for the stock, to reject it, where, before each successive renewal, the subscriber had the same agreement in substance with the party who induced him to subscribe.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 266–284; Dec. Dig. ☞81.]

3. CORPORATIONS ☞90(6) — SUBSCRIPTION TO STOCK—OPTION—WAIVER—EVIDENCE.

In an action by a bank, on a note given for corporate stock, against the subscriber and the corporation, indorser, the facts that the subscriber executed renewals and paid interest to the bank, treating the note as his personal debt, could be viewed by the jury as circumstances, though not conclusive, on the question of waiver by the subscriber of his option, under collateral contract with the party who induced him to subscribe, to reject the stock at the end of the year.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 411–416; Dec. Dig. ☞90(6).]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Suit by the Farmers' National Bank of Howe against J. D. Hall and the Paul Bean Grain Company, to which P. W. Bean was made a party. From a judgment for Hall against Bean on the issues between them, Bean appeals. Judgment affirmed.

Wolfe & Wood, of Sherman, for appellant. Cox & Cox and McReynolds & Hay, all of Sherman, for appellee.

HENDRICKS, J. The appellee, J. D. Hall, as maker, in 1905, executed to the Paul Bean Grain Company, as payee, a promissory note, in the sum of $500. At the maturity of the note Hall renewed the same, and thereafter the grain company, by indorsement, transferred and sold the paper to the Farmers' National Bank of Howe, Tex. This note was renewed successively, and upon September 30, 1913, the Farmers' National Bank of Howe, Tex., originated this suit in the county court of Grayson county, to recover against Hall, as maker, and the Paul Bean Grain Company, as indorser, on the last renewal, dated June 1, 1911, for the principal sum of $625.75.

Hall pleaded in said suit that he was merely an accommodation maker of the original note, and that the same was executed by him upon a subscription for five shares of the capital stock of the Paul Bean Grain Company; that at the time he subscribed to the stock he had a contract with P. W. Bean that if he (Hall) would subscribe for said stock, and execute his note to the grain company for the sum of $500, if at the end of one year he did not wish to keep the stock, Bean would take the same off his hands and pay off and satisfy the note executed by him (Hall) for said stock; that he had exercised his option not to take the stock and had notified Bean thereof, and that at the request of Bean had executed the renewal notes from time to time upon substantially the same agreement, that Bean would take the stock off his hands and pay the renewal notes executed in lieu of the original note.

Bean was made a party to the suit, and the jury upon the issues, between Bean and Hall, found in favor of Hall against Bean, on the indemnity contract—a judgment being rendered against Hall as maker, but in favor of the Paul Bean Grain Company as indorser of said renewal note.

The appellant Bean requested the following special instruction, which was refused by the trial court:

"If you should believe from the evidence that the defendant P. W. Bean contracted or agreed with the defendant Hall that if he would subscribe to five shares of stock in the Paul Bean Grain Company, and that if he, the said Hall, did not want the same at the end of the year that he, the said Bean, would take said stock off his hands and take up the note executed thereof; but if you believe from the evidence that thereafter for a number of years the said Hall executed notes in renewal of said original note and paid interest on said notes, treating the same as his individual and personal debt, then you are instructed that he would be bound for the payment of said note, and would not be entitled to a judgment over against the defendant Bean."

[1] Of course we recognize the rule, elementary in this state, that an affirmative defense, especially if pleaded, presented by a requested instruction, and not presented in the main charge of the court, constitutes error if refused, provided the facts raise the issue. The special charge, as framed and requested, upon analysis of the record, we think would have been error against Hall if the same had been submitted. The litigation between Hall and Paul Bean was upon an alleged collateral contract in the nature of indemnity. The note was executed to the Paul Bean Grain Company, a corporation, and transferred to the bank.

There is no defense against the corporation as the owner of the note, in so far as this record shows, and when sold to the bank, Hall's liability to the bank was primary and the liability of the corporation was secondary.

The proposition under this assignment is in effect that there being evidence from which the jury might have concluded that the original contract (if made between Hall and Bean) was waived by Hall and that he had ratified his subscription to the stock and made the debt his personal debt, "it was the

duty of the court to submit the same for the determination of the jury." The charge, however, is that notwithstanding the contract of indemnity was made, if the jury believed that thereafter for a number of years Hall executed notes in renewal of the original note, and paid interest on the same, treating the debt as his personal debt, Bean was entitled to a verdict. Hall's liability to the bank was an individual and personal one. He testified, though, that before each successive renewal he had the same agreement in substance with Bean as the original contract.

[2, 3] Under such successive contracts he had the right to execute the renewal notes, and because to the bank he might have paid interest on the notes, and the bank treated the same as his individual and personal debt (which it was in law), do not afford a conclusive proposition that, as between Hall and Bean, the former had waived his option to reject the stock and had ratified his subscription, making the note his personal debt. The element of facts embodied in the special charge would be weighed by the jury as circumstances on the question of waiver as between Hall and Bean, but not conclusive by any means. The charge excludes from the consideration of the jury the alleged additional successive contracts made with Bean testified to by Hall when the renewal notes were executed; at least, it is very suggestive in presenting the thought that in executing for the bank the renewal notes while it was the owner, and paying interest to the bank on the same, treating the same to the bank as his individual and personal debt, constitutes a peremptory reason for a verdict against him. If the jury believed that Bean continued the agreement with Hall before each renewal, the latter could manifest everything the charge suggests, and Bean would continue liable to Hall.

The above assignment is the only one we think necessary to discuss. The judgment is affirmed.