SHALLER v. JOHNSON–McQUIDDY
CATTLE CO. (No. 1057.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 8, 1916.)

1. Brokers ⬤⇒80—Actions—Defenses.

The owner of cattle, who had agreed to pay a fixed commission, cannot defeat an action by the broker for the agreed commission, less a credit allowed the owner on the commission due for expenses incurred in arranging the sale; the owner not being injured by allowance of the credit or because suit was for the lesser sum.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 100; Dec. Dig. ⬤⇒80.]

---

2. EVIDENCE ☞471(1) — CONCLUSIONS OF WITNESSES—ADMISSIBILITY.

Ordinarily the conclusion of a witness or his understanding of the facts is not admissible, but he should be restricted to testifying as to the facts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149, 2160, 2163; Dec. Dig. ☞ 471(1); Witnesses, Cent. Dig. § 833.]

3. APPEAL AND ERROR ☞742(4) — BRIEFS — EXAMINATION—CROSS-EXAMINATION.

In an action for commissions earned by a broker in selling cattle, the broker's agent, after testifying as to the facts, on cross-examination stated that he took it for granted that the owner accepted his proposition to make a deduction on the commission. The bill of exceptions was not set out in substance in the brief, and the statement did not show under what conditions or what circumstances the witness answered. Held, that the statement by the witness of his conclusions, in violation of the general rule, was not error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞ 742(4).]

4. TRIAL ☞203(3)—JURY QUESTION—SUBMISSION.

In an action for commissions for selling cattle, where the owner contended that the contract did not contemplate commissions if the sale was to one of his old customers, and that the sale was to such old customer, the owner is entitled to have such issue affirmatively submitted, notwithstanding the buyer testified he was induced to look at the cattle by the broker.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 478, 479; Dec. Dig. ☞203(3).]

5. TRIAL ☞260(9)—SUBMISSION OF ISSUES TO JURY—SUFFICIENCY.

In such case, the failure of the court to affirmatively submit the issue of defense could not be justified because of a charge to find for the broker if he effected the sale upon the terms agreed upon with the owner; this not authorizing the jury to find whether there was a condition in the contract, and whether the sale fell under such condition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 658; Dec. Dig. ☞260(9).]

6. TRIAL ☞256(3)—INSTRUCTIONS—DUTY TO REQUEST.

Where an instruction was correct so far as it went, defendant, who did not request a proper charge submitting a defense, cannot complain that the charge omitted it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 630; Dec. Dig. ☞256(3).]

7. BROKERS ☞69 — COMPENSATION — RIGHT TO.

A cattle broker, who effected a sale for a less sum than the list price, is, under appropriate pleadings, entitled to recover reasonable compensation for his services.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 55; Dec. Dig. ☞69.]

8. APPEAL AND ERROR ☞757(4) — BRIEFS — ASSIGNMENTS OF ERROR.

An assignment of error relating to the charge is not properly briefed where the charges requested were not set out.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. ☞757(4).]

Error from Hemphill County Court; J. L. Jennings, Judge.

Action by the Johnson-McQuiddy Cattle Company against C. H. Shaller. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. W. Sanders and C. C. Shaller, both of Canadian, for plaintiff in error. Hoover & Dial, of Canadian, for defendant in error.

HUFF, C. J. This is an appeal from a judgment of the county court to this court, which judgment was rendered in favor of the appellee Johnson-McQuiddy Cattle Company against the appellant, C. H. Shaller. The cause was first instituted in the justice court, and from a judgment in favor of appellant in that court was appealed to the county court.

The appellee alleged that the appellant was due him $200 commission on a sale of 958 head of two year old steers, which the appellant agreed to pay for securing the sale of the cattle. Appellees also pleaded that appellant agreed to pay a commission of 50 cents per head for procuring a purchaser; that they did procure such purchaser, who bought the cattle; that after the cattle were sold and some other negotiations the appellees agreed to take and accept as their compensation or commission the sum of $200. The appellant denied generally these allegations, and alleged specially that the listing of cattle with appellee for sale was conditional. That the conditions stipulated were as follows: (1) That defendants agreed to pay a commission to plaintiffs if plaintiffs would find a purchaser for the cattle, who would pay the defendant $60 per head; (2) that defendants would not pay a commission to plaintiffs if the cattle were sold to a buyer with whom defendant was already in trading relations, or with whom the defendant was negotiating for the sale of the cattle; (3) that defendant was not to pay a commission to plaintiff if the cattle were sold to an old customer of defendant; and further alleged that these cattle were not sold for $60 per head, and Kelly was an old customer of theirs with whom they were in trading relations, and with whom defendant had been negotiating for the sale of the cattle, and that they were not therefore liable for the commissions sued for.

[1] The evidence of appellee will warrant the finding that appellant listed with them over 1,000 head of two year old steers some time in the early spring of 1914 for early spring delivery; that the commissions agreed upon at that time was 50 cents per head. After the first listing there were several conversations between the parties and the cattle were finally sold to Mr. C. B. Kelly, in the fall of that year; that the cattle were listed with the appellee for fall delivery in May or June, at $60 per head. Kelly looked at the cattle in July or August, 1914, and after considerable negotiations a trade was closed at $55 per head. Appellee notified appellant the price Kelly was willing to pay. The appellant objected to selling at that price if

he should be compelled to pay the 50 cents per head commission. Whereupon appellees informed him they would charge him 25 cents per head, and that that was all they intended to charge. The appellant replied that it looked reasonable. It is shown by the evidence that 958 head were sold and delivered Kelly. The testimony further indicates that the commission under the contract would have been about $250, but that Shaller was compelled to go to Kansas City to close the trade with Kelly, and while there he and a representative of appellee met; that the representative agreed to allow Shaller $50 out of the commission due to pay his expenses to Kansas City. The amount sued for is the amount to which appellees claim under the agreement at 25 cents per head, less the expenses, which were agreed to be allowed.

The first assignment is that the court should have sustained appellant's motion for an instructed verdict because there was no evidence showing the contract to pay $200 commission. We believe the court properly overruled this motion. If the appellee's testimony was found to be true by the jury, it authorized the finding that appellant agreed to take $55 per head. for his cattle, and to pay 25 cents per head commission on the sale. The mere fact that afterwards appellee allowed Shaller $50 on his expense account would not defeat the contract. The appellant is not injured by such credit or by reason of the suit being less than for the amount due under the contract.

The second assignment is overruled for the reasons above given.

[2, 3] The third assignment is overruled. The witness on cross-examination stated:

"I took it for granted he [Shaller] accepted my proposition to take $200 commission. I understood he would pay me $200. I understood I had a contract with him to pay me $200."

The bill of exception is not such as to show error. Ordinarily, a witness' understanding is not admissible. He should detail the facts. In this case the witness had given the facts on direct examination, and from the context in the cross-examination it would appear that the questions were so presented by appellant as to call upon the witness to give his understanding of those facts; at any rate, we do not think the bill of exceptions shows any material injury. The bill of exceptions is not set out in substance in the brief. The quotations given by us are embodied only in the assignment. The statement does not pretend to show under what conditions or under what circumstances the witness answered as set up and we are unable to determine that either was error.

[4, 5] The fourth assignment should be sustained. The appellee requested the court to instruct the jury to the effect that if the appellant sold the cattle to one of appellee's old customers, and if they should find that when the property was listed it was made the condition of the contract that no commission should be paid if sold to such customer, to find for the defendant. The appellant pleaded there was such a condition of the contract, and he testified to such stipulation in the contract; that he told appellee he had old customers which he had been selling year after year, and did not want to pay commission to somebody else to help him sell to them; that he had been selling to Kelly, and in fact he and his son testified that they had spoken to Kelly themselves about these cattle some time previous to the listing contract, and after the cattle were listed. The fact that Kelly testified appellee induced him to look at the cattle would not defeat appellant's right to have the issue submitted to the jury affirmatively. It is contended by appellee that because the court submitted in his charge to the jury that if they found the appellee effected the sale to Kelly, upon the terms agreed upon between plaintiff and defendant, by reason of the agency, to find for plaintiff. This did not authorize the jury to find whether there was a condition in the contract, and whether the sale to Kelly fell under the condition. It was not even a negative submission of that issue. The appellant had the right to have this defense submitted affirmatively, and the refusal to do so is error, which will reverse the case. Railway Co. v. Foth, 101 Tex. 133, 100 S. W. 171, 105 S. W. 322; Yellow Pine Oil Co. v. Noble, 101 Tex. 125, 105 S. W. 318; Railway Co. v. Johnson, 98 Tex. 76, 81 S. W. 4.

The fifth assignment is overruled. As we read the record, the evidence did not call for the charge here requested.

[6, 7] The sixth assignment presents an objection to the court's charge because it failed to instruct the jury if they should find that appellant listed the cattle with the stipulation that he would pay a commission only in the event appellee procured a purchaser for $60 per head. The charge was not erroneous as far as it went with reference to this matter. It only failed to submit an issue appellant contends was raised by the evidence. He should have requested a proper charge. If the broker found a purchaser to whom the employer sold for a less sum than the cattle were listed, this would not, necessarily, defeat a recovery. The brokers would at least be entitled to reasonable compensation for their services if the pleadings will warrant such a recovery. Schultz v. Zelman, 111 S. W. 776; Haile v. Keler, 163 S. W. 393.

The contract, however, relied upon in this case, was, as we understand the appellee, that if the trade was made for $55 per head, that the appellants would take 25 cents per head instead of 50 cents. If the appellant desired his theory presented, that is, that he was to pay nothing if the cattle sold

for less than $60, he should have requested a proper charge.

[8] The seventh assignment of error is not properly briefed, as the charges requested are not set out. If the charges were properly drawn the issues there sought to be presented were raised by the pleadings and the evidence, and it would be error to refuse to submit the issue, as pointed out under the fourth assignment.

The eighth assignment is overruled. The charge of the court is not objectionable on the grounds here lodged against it.

The ninth assignment we do not think presents reversible error.

The tenth assignment is overruled.

For the reasons above given, the case will be reversed and remanded.