### WICHITA FALLS TRACTION COMPANY v. NORMAN ADAMS.

No. 2439.   Decided February 23, 1916.

**1.—Requested Charge—Negligence—Affirmative Presentation of Defense.**

In an action for injury to a child by fall of a metal tank placed on the sidewalk at a pleasure resort for the public maintained by a traction company, the defendant company was entitled to have given a requested instruction relieving it from liability if the tank was not placed there by its servants and it was not negligent in failing to discover its presence if placed there by some one else. (P. 614.)

**2.—Same—Insufficient Charge.**

A charge holding defendant liable if negligent in placing the object causing injury on a sidewalk controlled by it, or in failing to discover its presence if placed there by another, is considered and held insufficient to justify the refusal of a requested instruction denying recovery if it was not negligent in either of such respects,—the charge given presenting such defense only inferentially, not affirmatively. (Pp. 614-616.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Wichita County.

Adams sued the traction company and recovered judgment. This was affirmed on appeal by defendant, who then obtained writ of error.

*Chas. C. Huff* and *Orville Bullington,* for plaintiff in error.—Where a defense relied upon by a defendant, has not been affirmatively submitted to the jury in the court's main charge, the defendant has a right to have the court give a special charge applying the law to the evidence, adduced in support of such issue, and the refusal of the court to give such a special charge, is reversible error. Railway Co. v. Ayres, 83 Texas, 217, 18 S. W., 268; Railway Co. v. McGlamory, 89 Texas, 639; Railway Co. v. Foth, 101 Texas, 144, 105 S. W., 323; Railway Co. v. Kiersey, 98 Texas, 596, 86 S. W., 746; Railway Co. v. Hall, 98 Texas, 488, 85 S. W., 786; Railway Co. v. Walters, 107 S. W., 372; Railway Co. v. Jackson, 41 Texas Civ. App., 51, 90 S. W., 921; Railway Co. v. Casseday, 92 Texas, 525; Railway Co. v. Rogers, 91 Texas, 57, 40 S. W., 956; Neville v. Mitchell, 28 Texas Civ. App., 89, 66 S. W., 581.

*L. H. Mathis* and *Hart & Woodward,* for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The action was for the recovery of damages on account of an injury sustained by the plaintiff, Norman Adams, a child, suing by its father. The defendant owned some amusement grounds for the use of the general public, out from the city of Wichita Falls, to which its street car line extended from the city and within which was located a pavilion structure with the lower floor enclosed and a concrete promenade walk or veranda surrounding it. In the lower story, under a contract with the defendant granting him such privilege, George Mater conducted stands for the sale of confectionery, ice cream, soda water, etc. The injury to the plaintiff occurred upon a late Sunday afternoon, and was occasioned by an empty metal liquid gas tank, four or five feet in length, five or six inches in diameter at the end, and weighing about one hundred and fifty pounds, used by Mater in connection with his soda water business, which was standing in an upright position, unsupported, at the outer edge of the walk, and was by the child accidentally toppled over, falling upon and injuring one of his hands.

The negligence charged against the defendant was in its placing the tank, or permitting it to be placed, in this position upon the walk, which, it was claimed, rendered the premises dangerous to children.

An examination of the record does not disclose any direct evidence as to the circumstances under which the tank was placed upon the walk, or as to the person who put it there. There does not appear to have been any direct evidence that any agent or employe of the defendant had actual knowledge before the accident that such was its situation. There was a conflict in the evidence with respect to the length of time it had

been standing upon the walk before the accident. According to some of the testimony adduced for the plaintiff it had been in such position for several hours. According to certain testimony adduced for the defendant it had been upon the walk for only a few minutes. Mater testified that the tank and another like it had been taken out of his place of business in the pavilion during the same morning and laid flat upon the ground at a place away from the pavilion and the walk, near the street car track, for the purpose of being carried back into the city. Estes, a witness for the defendant, testified that thirty minutes before the child was injured, he saw some men and boys playing with the two tanks where they were lying upon the ground at that place; and that the tank which caused the injury could not have been upon the walk longer than three minutes before the accident occurred. He was an employe of · Mater, and, according to his testimony, was upon the walk at the time, engaged in his duties, a short distance from where the tank was standing when the child approached it.

A special charge to the following effect was requested by the defendant and refused by the court:

"If you find and believe from the testimony that the tank described in plaintiff's petition was placed or caused to be placed by George Mater or his employees at a point outside of the pavilion and its porches, and if you further find and believe from the testimony that said tanks were placed upon the ground at a point near the street car track and away from the first floor of the colonnade pavilion and its porches and away from the place of the accident, and if you further find and believe from the testimony that some one not an employee of George L. Mater or the defendant traction company without the knowledge of said Mater or the traction company moved the said tank from the place where it was placed, to the place of the alleged accident, and if you further find and believe from the testimony that the defendant traction company, its agents and employees did not know that said tank had been moved from the place where it had been placed to the place of the alleged accident and could not by the use of ordinary care and diligence have ascertained within the time said tank was moved, if you find it was moved, that it had been moved, then you are instructed to find for the defendant."

In a jury trial where the case is submitted under a general charge of the court, a party is entitled to an affirmative presentation of an issue raised by the pleading and evidence upon which he relies for the establishment of his cause of action or his defense. For a proper application of the law of the case to the different phases of the evidence as a guide for the jury's action, he is not remitted to inferences which may be drawn from the charge. Whether plaintiff or defendant, it is his right, upon proper request, to have the issue affirmatively submitted by the court through an appropriate instruction grouping the facts which, if determined in his favor, will, under the law, entitle him to the verdict. This, it may be said, is the distinct office of the special charge under our prac-

tice. El Paso & Southwestern Railroad Co. v. Foth, 101 Texas, 133, 100 S. W., 171, 105 S. W., 322; St. Louis Southwestern Railway Company v. Hall, 98 Texas, 480, 85 S. W., 786; Missouri, Kansas & Texas Railway Company v. McGlammory, 89 Texas, 638, 35 S. W., 1058; Texas Trunk Railway Company v. Ayres, 83 Texas, 268, 18 S. W., 648.

The issue tendered in the case by the plaintiff under his petition was that the defendant either negligently placed the tank upon the walk or negligently permitted it to remain there. On the theory that the walk was under the defendant's control,—as to which there seems to have been some dispute, but which for the purpose of this decision we will ignore as a controverted issue,—the measure of its duty to the plaintiff, under the issue as presented, was the exercise of ordinary care to keep the walk in a condition safe for a child of his years. It was therefore liable for the injury if through its employees it placed the tank in its position upon the walk and such an act constituted negligence, or if the tank was placed by a stranger upon the walk in such position and it failed to exercise ordinary care to discover its presence and either remove it or render it not dangerous to children such as the plaintiff. It it equally true that it was not liable if it neither through its servants placed the tank upon the walk, nor was guilty of negligence in failing to discover its presence upon the walk if it was put there by someone else. If there was any testimony tending to show that a stranger placed the tank upon the walk so shortly before the accident as to present an issue of fact in respect to whether the defendant, in the exercise of ordinary care and diligence ought to have discovered its presence before the accident, it was entitled to a proper affirmative instruction, if requested, upon that phase of the evidence. That there was such testimony is clear. The special charge refused by the court presented this issue of the defense in a proper form and ought therefore to have been given, since it was not otherwise affirmatively submitted to the jury.

In the general charge, after the jury had been directed to find for the plaintiff "if they found from the evidence that the plaintiff was injured by the falling of the tank, upon property under the control of the defendant and upon which it had invited the general public for the purpose of amusement, and that the tank was left by the agents of the defendant in such a place and position as to be dangerous to persons of the plaintiff's age and intelligence, and that such action on the part of the defendant and its agents and employees constituted negligence,"— in the succeeding paragraph the following appeared:

"On the other hand, if you fail to find that the pavilion where the accident occurred was under the control of the defendant company, or, if you fail to find that the placing of the gas tank or reservoir or the leaving of it at the place where the accident occurred, was negligence on the part of the defendant agents and employees, then you will find for the defendant."

This was only a negative instruction, however considered. If it dealt at all with the question of whether the placing of the tank upon the

walk was the act of a stranger, and, if so, whether it had been upon the walk for such length of time as to have been discovered by the defendant in the exercise by it of ordinary care and diligence, its inclusion of the issue was only to be negatively inferred.

The judgments of the District Court and Court of Civil Appeals are reversed, and the cause is remanded to the District Court.

*Reversed and remanded.*