MISTROT–CALAHAN CO. v. MISSOURI, K. & T. RY. CO. OF TEXAS et al.
(No. 6005.)

(Court of Civil Appeals of Texas. Austin. Jan. 15, 1919. On Motion for Rehearing, Feb. 12, 1919. Rehearing Denied March 19, 1919.)

1. CARRIERS ⬉119—LIABILITY FOR LOSS OF GOODS—"ACT OF GOD."

An act of God, which releases a carrier of goods from its liability for loss, is one resulting from such force in nature as could not reasonably have been foreseen and provided against (Words & Phrases, vol. 1, p. 118).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of God.]

2. CONTRACTS ⬉66 — CONSIDERATION — ASSUMPTION OF LIABILITY.

A mere promise by a carrier to pay for goods lost, for which it was not liable, not in the nature of a compromise, is not binding upon carrier, because without consideration.

On Motion for Rehearing.

3. CARRIERS ⬉108—CARRIER OF GOODS—LIABILITY.

When a common carrier receives goods for shipment, it insures their delivery in accordance with bill of lading, unless the loss is occasioned by act of God, or of a public enemy, or by reason of inherent defect or vice of goods or animals, or on account of fault of consignee.

4. CARRIERS ⬉132 — CARRIERS OF GOODS — LIABILITY—BURDEN OF PROOF.

When plaintiff proves delivery of goods to common carrier, and failure of carrier to deliver goods at point of destination, he makes prima facie case, and burden is upon carrier to prove that loss was occasioned by act of God or of the public enemy, or by reason of inherent defect, or on account of fault of consignee.

5. CARRIERS ⬉132 — CARRIERS OF GOODS — NEGLIGENCE—BURDEN OF PROOF.

In action against carrier for goods lost, where carrier proves that loss occurred by act of God, burden shifts to plaintiff to prove that, notwithstanding such act of God, negligence of carrier was proximate cause of loss.

6. CARRIERS ⬉123 — LIABILITY — ACTS OF GOD—NEGLIGENCE.

The fact that a storm was unprecedented would not relieve a carrier from liability for loss of goods, where, after storm had begun and water was rising in docks so that there was apparent danger that they would reach and injure the goods, the carrier could by use of reasonable diligence have removed goods to a place of safety.

7. TRIAL ⬉203(3)—INSTRUCTIONS.

A plaintiff is entitled to an affirmative presentation of a material issue raised by the pleadings and the evidence.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by the Mistrot-Calahan Company against the Missouri, Kansas & Texas Railway Company of Texas and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. B. Carrington, of Waco, for appellant.

W. E. Spell, G. H. Penland, and Spell, Boggess, Naman & Penland, all of Waco, for appellee Missouri, K. & T. Ry. Co. of Texas.

Stribling & Stribling, of Waco, for appellee Southern Pac. Co.

JENKINS, J. This suit was brought to recover the value of four cases of shoes shipped to appellant from Boston, Mass., three cases of which were lost in the Galveston storm of 1915, and the other damaged so as to render it worthless to appellant. The defense was that the loss was occasioned by the act of God.

The appellant contends that the shipment was a through shipment to Waco. The appellees insist that the shipment was to Galveston.

Whether it was the one or the other, it was an interstate shipment. The loss occurred while the goods were in the possession of appellee, the Southern Pacific Company. If the shipment was to Galveston, the appellee the M., K. & T. Ry. Co. is not responsible for the loss. On the other hand, if the shipment was to Waco, the M., K. & T. Ry. Co., being a connecting carrier for the transportation of said goods, if the Southern Pacific Company is liable under the facts of the case, the M., K. & T. Ry. Co. is also liable under the Carmack Amendment, unless its failure to receive and forward the goods was due to the fault of appellant.

The court instructed a verdict for the M., K. & T. Ry. Co. We do not know whether this instruction was based upon the finding of the court, as a matter of law, that the shipment was not sent to Waco, or that the goods were detained at Galveston from August 4th, the time of their arrival until Au-

gust 16th, the day the storm reached Galveston, by reason of the fault or negligence of Seifer, the agent of appellant. The evidence would have justified a finding in favor of the M., K. & T. Ry. Co. upon either of these theories, but we do not think it was sufficient to establish either theory as a matter of law. Hence, if judgment should have been rendered against the Southern Pacific Company, it was error to peremptorily instruct the jury to return a verdict in favor of the appellee the M., K. & T. Ry. Co.

` [1] The court submitted to the jury, under appropriate instruction, the issue as to whether the loss was occasioned by the act of God. The verdict of the jury, being for the defendants, shows that they found in favor of appellees on this issue. The evidence is sufficient to support such finding. Such being the case, judgment was properly entered for appellees unless the loss was occasioned by the negligence of the Southern Pacific Company. The only negligence on the part of the Southern Pacific Company suggested by the evidence was in not having the floor of its warehouse elevated sufficiently to have kept the goods above the water during the storm. If such contingency might reasonably have been anticipated, and was not provided against, the loss did not occur from the act of God. The act of God is when the result is from such forces in nature as could not reasonably have been foreseen and provided against. Irrigation Co. v. Dodd, 162 S. W. 946; Words & Phrases, vol. 1, p. 118.

The evidence shows that appellees, in common with all people in Galveston, had warning from the weather bureau that a storm was approaching. Such warnings were frequent at that season of the year. In none of the previous storms, unless in that of 1900, had the water been high enough in Galveston to have injured the goods in the manner in which they had been stored. Subsequent to the storm of 1900, the sea wall was erected on the Gulf side of the island, some 17 feet in height. In the light of the facts in reference to the storm of 1900, this was deemed sufficient to protect Galveston from the waters of the Gulf. It proved insufficient for this purpose in the storm of 1915, which would indicate that this storm was of greater violence than that of 1900. The testimony of several witnesses indicates that such was the fact. The storm of 1915 threw a schooner of 800 or 900 tons capacity over the wall, and did serious damage to property behind the sea wall, and caused the loss of at least 150 lives.

The loss having been occasioned by the act of God, without negligence on the part of the Southern Pacific Company, it is immaterial whether such company was in possession of the goods as a common carrier or as a warehouseman.

[2] There is one other issue presented by the pleadings, the evidence, and the offer of evidence. The appellant alleged that it presented its claim to the receiver of the M., K. & T. Ry. Co., and that it stamped the same "Vouchered," which meant that the claim had been passed upon, approved, and ordered paid by said receiver, acting through the claim department. Appellant offered to prove by a witness, who qualified as an expert in such matters, that such was the meaning of the word "Vouchered." The court sustained an objection to this testimony, and appellant assigns error on such action of the court.

We overrule this assignment for the reason that, if the M., K. & T. Ry. Co. was not liable on said claim, its promise to pay the same was without consideration, and therefore not binding upon it. There is nothing in the pleadings or evidence to indicate that such promise, if made, partook in any respect of the nature of a compromise.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

## On Motion for Rehearing.

We have reached the conclusion that appellant's assignment of error as to the refusal of the trial court to give the special charge hereinafter set out should be sustained, and, as this case is to be reversed on that account we announce the following propositions of law for the guidance of the court upon another trial hereof:

[3] 1. When a common carrier receives goods for shipment, it insures their delivery in accordance with the bill of lading,· unless the loss is occasioned by the act of God, or of a public enemy, or by reason of the inherent defect or vice of the goods, or animals, or on account of the fault of the consignee. This proposition is too well established to require citation of authorities in its support.

[4] 2. When a plaintiff proves delivery of· goods to a common carrier, and the failure of the carrier to deliver the goods at the point of destination, he makes a prima facie case, and the burden of proof is upon the defendant to prove, if it can, that the loss occurred by reason of one of the foregoing exceptions.

[5] 3. If the defendant proves that the loss occurred by the act of God, as is alleged in the instant case (or by reason of either of the above-named exceptions), the burden shifts to the plaintiff to prove that, notwithstanding such act of God, the negligence of the defendant was the proximate cause of the loss. Ry. Co. v. Bergman, 64 S. W. 999; Elam v. Ry. Co., 117 Mo. App. 453, 93 S. W. 852; Express Co. v. Duncan, 193 S. W. 411; Davis v. Ry. Co., 89 Mo. 340, 1 S. W. 327; Ry. Co. v. Reeves, 10 Wall. 189 (77 U. S.) 19 L. Ed. 909.

This is true for the reason that, if the loss does not occur by reason of one of the excepted causes, the carrier is an insurer, and negligence on its part is not an issue. But, by· proving that the loss occurred by reason of an act of God, it takes itself out of the class of insurer, and the plaintiff must then, as in ordinary cases, prove that the loss occurred by reason of the negligence of the carrier.

The special charge above referred to is as follows:

"At the request of the plaintiff you are instructed that, if you believe from the evidence that defendant Southern Pacific Company received warnings of the approach of the 1915 storm in question in time to have *removed* [italics ours] the lost and damaged goods in question to a place of safety, and that it failed to do so, and that such failure was negligence on its part, and that said negligence was the direct and proximate cause of plaintiff's loss of the three cases of shoes in question, and damage of the, one case to such an extent as to be rendered worthless to it, you will find for plaintiff against said defendant for the amount of $250.67, and interest at 6 per cent. thereon from September 13, 1915."

Appellant alleged that the Southern Pacific Railway Company was negligent in not removing the goods from a place of danger (its docks), after it had sufficient warning of the approach of the storm, and in not making an effort to save said goods from the consequences of such storm.

We have concluded that the evidence was such as to require this issue to be submitted to the jury. The only charge given by the court on this subject was in connection with the charge as to the act of God, wherein the court instructed the jury that if they found that the destruction of said goods by such storm, if any, was not the proximate result of any negligence on the part of the steamship company, its agents or employés, then they would find for the plaintiff.

[6] If after the storm had begun and the waters were rising in the docks, so that there was apparent danger that they would reach and injure the goods, and the appellant could by the use of reasonable diligence have re moved the goods to a place of safety, its failure to do so was negligence of such character as would render it liable for the damage occasioned by such waters continuing to rise until they reached the goods. Ry. Co. v. Madden, 46 Tex. Civ. App. 597, 103 S. W. 1195; Ry. Co. v. Bland, 34 S. W. 676. In the case last above cited it was said: "The fact that the flood was extraordinary and unprecedented would not relieve the appellant from liability, if, by the exercise of diligence, its effects could have been prevented."

[7] The requested charge was an affirmative presentation of a material issue raised by the pleadings and the evidence, and it was reversible error to refuse the same. Ry. Co. v. Hill, 171 S. W. 1029; Bean v. Hall, 185 S. W. 1054; Bangle v. Ry. Co., 140 S. W. 375; Traction Co. v. Adams, 107 Tex. 612, 183 S. W. 155.

Appellant filed 17 assignments of error. We have not thought it necessary to discuss them separately.

For the reason stated the appellant's motion for a rehearing is granted, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

---

⊜⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes