**HINES, Director General of Railroads, et al. v. BANNON. (No. 1052.)**

(Court of Civil Appeals of Texas. El Paso. April 8, 1920. Rehearing Denied. May 6, 1920.)

1. **Trial** ⟨⟩244(4)—**Instruction erroneous, as emphasizing grounds of negligence previously submitted.**

In railroad servant's action for injuries from a defective dirt spreader, paragraph of charge authorizing recovery for one or all alleged acts of negligence which singly or combined were a direct and proximate cause of plaintiff's injuries, *held* erroneous, as undue emphasis of such grounds of negligence previously submitted separately.

2. **Master and servant** ⟨⟩86—**Federal Employers' Liability Act governs injury to railroad's employé in interstate commerce.**

Where railroad's servant was engaged in interstate commerce when injured, his rights and the liabilities of railroad were governed by Federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), under which common-law doctrine of assumed risk controls, except where violation of federal statute for safety of employés contributed to injury, so that court erred in announcing rule of decision fixed by state statute.

3. **Master and servant** ⟨⟩226(2)—**Servant assumes risks from negligence of master of which he has prior knowledge.**

Under common-law doctrine of assumed risk, servant does not assume any risks or dangers arising from negligence of master of which he has no knowledge, but does assume risks caused by master's negligence of which he has prior knowledge.

4. **Master and servant** ⟨⟩289(19)—**Contributory negligence properly submitted, where evidence insufficient to charge servant with knowledge.**

Evidence being insufficient to charge plaintiff, a railroad's servant suing for injuries in interstate commerce, as matter of law with knowledge of dangers incident to defective conditions about a dirt spreader on which he worked, it cannot be said such grounds of the master's negligence should not have been submitted.

5. **Master and servant** ⟨⟩295(1)—**Instruction presenting railroad's defense of assumed risk should have been given.**

In railroad servant's action for injuries while working on defective dirt spreader, special charge requested by railroad, affirmatively presenting defense of assumed risk, pleaded and raised by evidence, should have been given; defense not having been presented affirmatively in court's main charge.

6. **Negligence** ⟨⟩141(12)—**Charge on contributory negligence reducing damages properly refused, because facts related to assumed risk.**

In railroad servant's action for injuries while working on defective dirt spreader, special charge *held* properly refused, on ground

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

facts detailed related, not to contributory negligence, but to absolute defense of assumed risk, while charge, in concluding, predicated reduction of damages on any contributory negligence.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Action by L. P. Bannon against Walker D. Hines, Director General of Railroads, and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Boyd, Bell & Smith, of Teague, and Thompson, Barwise, Wharton & Hiner, of Ft. Worth, for appellants.

McKenzie & Loose, of El Paso, and Williford & Geppert, of Fairfield, for appellee.

HIGGINS, J. The appellee, Bannon, brought this suit against appellants, Walker D. Hines, Director General of Railroads, and J. W. Robbins, receiver of the Trinity & Brazos Valley Railway Company, to recover damages for personal injuries. At the time of the injury Bannon was assisting in the operation of a dirt spreader, which was used to spread dirt upon the road bed. The spreader was installed upon a flat car, and had wings, which descended from the car alongside the track. The wings were lowered and raised as the occasion required by means of a steel cable; the motive power being compressed·air contained in a drum upon the car. There was a portable brace or arm attached to the floor of the car. When not in use, this lay upon the floor. When it was desired to move the wings, the brace would be raised, and would extend outward from its base upon the floor of the car at an angle of about 45 degrees. The cable passed through a slot in the outer end of the brace. The cable was attached to the wings and passed thence through the slot at the outer end of the brace, thence to pulleys upon a superstructure built upon the car and thence to the motive power operated by the compressed air in the drum. In raising and lowering the wings it was necessary that the portable brace or arm be raised and placed approximately at an angle of 45 degrees; otherwise, when the motive power was applied, the brace would raise upward or suddenly descend.

It was desired to raise the wings, and immediately preceding the accident the brace had fallen. Bannon was assisting in replacing the same in an upright position at an angle of 45 degrees, and according to his testimony, while so engaged, the air was applied by the operator, and the brace suddenly, swiftly, and with great force descended, striking his left hand, crushing and mangling the same. The grounds of negligence alleged were substantially as follows:

First. That the slot in the end of the brace had been permitted to become worn to such an extent that when the air was applied the cable would slip and that but for such worn condition the injury would not have occurred.

Second. That the floor of the car where the brace was attached had become rotten, and that but for such rotten condition the brace would have remained in the proper position.

Third. That the operator of the air was inexperienced, and suddenly and violently applied the air while plaintiff was holding the brace, thus causing the injury.

Fourth. That the spreader was negligently constructed in this: That it did not have any opening in the air drum, so that it might be oiled, by reason whereof it did not move smoothly, but operated with a jerk.

Fifth. It was further alleged as a ground of negligence that it was the duty of the defendant to have placed a clasp on the cable, so that the brace would not drop down. It was alleged that in the event neither the defective brace, defective floor, failure to have a clasp on the cable, the inexperience of the operator, defective construction of the air drum, nor defective construction of the spreader, proximately caused the injury, then, in that event, all of said negligent acts combined proximately caused the injury.

It was admitted that at the time of the injury the parties were engaged in interstate commerce. In its charge the court first submitted generally the plaintiff's right to recover upon the various grounds of negligence alleged with reference to the defective condition of the spreader. In subsequent paragraphs the court separately submitted and authorized a recovery upon the various grounds of negligence set up in the petition, namely, the defective condition of the brace, the rotten condition of the floor, the negligent condition of the air drum, in that there was no opening in the same whereby it might be oiled, causing the same to operate with a sudden jerk, and again generally submitted the right to recover if the spreader was old and worn out, as alleged, and constituted a dangerous agency, and again the right to recover if defendants retained an inexperienced employé to operate the air, who, because of his inexperience and unfamiliarity with the work, negligently turned on the air, and again resubmitted all of the foregoing grounds of negligence as a basis of recovery, if any of the grounds singly or combined proximately caused the injury.

Upon trial, verdict was returned, and judgment rendered in favor of Bannon for $3,000.

## Opinion.

The assignments will not be considered in the order in which they are presented in the brief.

[1] Under the eighth assignment complaint is made of the sixteenth paragraph of the charge, wherein recovery was authorized upon any one or all of the alleged acts of negligence, which singly or combined were the direct and proximate cause of plaintiff's injuries, for the reason that there had theretofore been submitted separately, in paragraphs 11, 12, 13, 14, and 15, the said acts of negligence as grounds of recovery, and to thus reiterate and resubmit the same was an undue emphasis of the issues in behalf of the plaintiff, and improper. In the tenth assignment complaint is made of paragraph 14 in submitting as a ground of recovery that the spreader was old and worn out, and constituted a dangerous agency, because the same was a repetition of the same acts of negligence theretofore submitted in paragraphs 11 and 12, upon the ground that such repetition was an undue emphasis of this alleged ground of negligence. There was no occasion for the repeated reiteration and resubmission of these various grounds of negligence. It was an undue emphasis of these grounds, and is reversible. Railway Co. v. Kerr, 184 S. W. 1058; Lumsden v. Railway Co., 28 Tex. Civ. App. 225, 67 S. W. 168; Chisum v. Chesnutt, 36 S. W. 758.

[2, 3] Under the fifth assignment complaint is made of that portion of the court's charge wherein the jury in substance was instructed to find for the defendant, if they believed from the evidence that a person of ordinary prudence would not have continued to perform the service that plaintiff was performing at the time he was injured, having knowledge of the defective condition of the spreader; and under the sixth assignment another paragraph of the charge is assailed, wherein the jury in substance was instructed that the plaintiff did not assume the risk of working with the spreader in its defective condition, if the defendant and its employés knew of such condition, or if a person of ordinary care would have continued to work and perform the duties that plaintiff was doing with knowledge of such defective condition. These paragraphs of the charge embody the rule of law fixed by article 6645, R. S. But in this case it is an admitted fact, and so pleaded by all parties, that they were engaged in interstate commerce at the time of the plaintiff's injury, and, this being true, the rights of plaintiff and liability of defendants is governed by the act of Congress known as the federal Employers' Liability Act. Under this act the common-law doctrine of assumed risk controls, except where a violation of any federal statute for the safety of employés contributed to the injury, and the court erred in announcing the rule of decision fixed by the state statute. Under the common-law doctrine of assumed risk, the servant does not assume any risks or dangers arising from the negligence of the master of which he has no knowledge; but he does assume the risks and dangers caused by the master's negligence of which he had prior knowledge. Under the authorities, these objections to the charge are well taken. Railway Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Railway Co. v. De Bord (Sup.) 192 S. W. 767; Railway Co. v. Bradford, 66 Tex. 732, 2 S. W. 595, 59 Am. Rep. 639; Patton v. Gas Co., 108 Tex. 321, 192 S. W. 1060.

[4, 5] Under the first three assignments, error is assigned to the submission as grounds of recovery of the rotten condition of the floor and the defective condition of the brace, for the reason that the undisputed evidence shows that Bannon assumed the risks and dangers incident to such conditions. And under the fourth assignment complaint is made of the refusal of a requested instruction directing the jury to find for the defendants, if plaintiff knew of such defective conditions, and knew, or in the necessary discharge of his duties must have known, of the danger, if any, resulting from such conditions. It is shown by the plaintiff's own testimony that he had long known of the defective condition of the floor and portable arm or brace, but there is no direct evidence that he knew of the incident danger, and we are not prepared to say, upon the record presented, that as a matter of law he was charged with notice of such danger. The plaintiff was not at all times working upon this spreader, and, it appears, worked upon the same at infrequent intervals. Since the evidence is insufficient to charge the plaintiff, as a matter of law, with knowledge of the danger incident to the defective conditions mentioned, it cannot be said that those grounds of negligence should not have been submitted to the jury. But the special charge requested by the defendant should have been given. It affirmatively presented the defense of assumed risk, pleaded by appellants and raised by the evidence, and an affirmative presentation of this defense was not given in the court's main charge. Its refusal was therefore error. Wichita Falls Traction Co. v. Adams, 107 Tex. 612, 183 S. W. 155; Yellow Pine Oil Co. v. Noble, 101 Tex. 125, 105 S. W. 318; Railway Co. v. Hall, 98 Tex. 480, 85 S. W. 786.

The appellants' contention in this connection is that the error last indicated was harmless, because the undisputed evidence shows that the direct and proximate cause of the injury was not the defective floor, or defective brace, but that such cause was the negligence of the operator of the air in applying the same suddenly, and before Bannon had succeeded in raising the portable arm to the proper angle of 45 degrees,

and the defective condition of the air drum. Without undertaking to discuss the evidence upon this phase of the case, we are not prepared to agree to the contention that it shows conclusively that the direct and proximate cause of the injury was the negligence of the operator and the defective condition of the air drum. As we view the evidence, it is very uncertain what caused the accident and was a matter to be determined by the jury.

[6] The seventh assignment complains of the refusal of a special charge instructing the jury that if plaintiff knew, or in the necessary discharge of his duties must have known, of the defective condition of the spreader and arm, and knew of the dangers, if any, resulting therefrom, or in the necessary discharge of his duties, must have known thereof, and with such knowledge continued to work on and about the spreader, then he would be guilty of contributory negligence, and, if such negligence contributed directly and proximately to cause his injuries, then, in such event, the plaintiff would not be entitled to recover full damages; but the same must be diminished in proportion to his negligence. This charge was properly refused, for the reason that the facts detailed in the charge related, not to contributory negligence, but to the absolute defense of assumed risk. Jacobs v. Southern Ry. Co., 241 U. S. 229, 36 Sup. Ct. 588, 60 L. Ed. 970.

The ninth assignment assails the sufficiency of the evidence to sustain the verdict and judgment upon the ground that the undisputed evidence shows that plaintiff assumed the risk incident to the defective spreader and its various parts. This case presents issues of fact which must be submitted to the jury, for which reason this assignment is overruled.

Reversed and remanded.