**JORDAN et ux. v. EL PASO ELECTRIC RY. CO. (No. 1152.)**

(Court of Civil Appeals of Texas. El Paso. Feb. 10, 1921. Rehearing Denied March 3, 1921.)

**Trial ⬥⟶352(5)—Evidentiary facts not to be grouped in special charge.**

Where a case is submitted under a general charge, the defendant is entitled to have facts pleaded as a defense and supported by testimony grouped and affirmatively submitted to the jury; but, where the case is submitted by special issues, a special charge grouping the evidentiary facts is erroneous.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Robert Jordan and wife against the El Paso Electric Railway Company. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

W. S. Berkshire and Lea, McGrady, Thomason & Edwards, all of El Paso, for appellant.

Waters Davis and J. M. Goggin, both of El Paso, for appellee.

HARPER, C. J. On a former day of this term, we handed down an opinion affirming this case in which we indicated that we were of the opinion that the trial court erred in the form of the questions in its two separate special charges by which it submitted the issue of contributory negligence of plaintiff, but which errors should not reverse the case because, we concluded, under the undisputed evidence the plaintiff was guilty of contributory negligence as a matter of law. Upon more mature deliberation, viewing the record from the point of view suggested by the motion for rehearing, we have concluded that we were in error in the latter holding, and that for that reason the cause must be reversed and remanded for a new trial for the errors in the charge. The former opinion, and the concurring opinion, are withdrawn.

### Opinion.

Robert Jordan and wife instituted this suit against the El Paso Electric Railway Company for damages for personal injuries alleged to have been sustained by Mrs. Jordan, and for damages for injuries to her automobile in a collision with one of defendant's street cars, alleging various acts of negligence on the part of defendant with reference to speed and equipment of the street car and failure to avoid the collision after discovery of plaintiff's peril.

Defendant answered by general denial, and specially pleaded contributory negligence on the part of May Sheppard Jordan, and Bariclaw, the driver, setting forth in detail the acts relied on to constitute contributory negligence.

The case was submitted to a jury by special issues, and upon the answers thereto judgment was entered for defendant, from which this appeal.

The first assignment reads:

"The court erred in giving to the jury the defendant's special charge No. 9, relative to special issue No. 10 of the main charge, for the reason that said charge is on the weight of the evidence, and because it allowed the jury to take into consideration facts and circumstances as evidence of acts of negligence on the part of plaintiff, Mrs. May Sheppard Jordan, not pleaded by defendant as acts of con-

tributory negligence in bar of plaintiff's recovery; and because, the case being submitted to the jury on special issues, the defendant is not entitled to an affirmative grouping of facts in submitting its defense."

Question No. 10, main charge, reads:

"Do you find from a preponderance of the evidence that W. T. Bariclaw failed to keep a reasonably careful lookout in approaching or while attempting to cross Boulevard street?"

Special charge No. 9, given at the request of defendant, reads:

"If you believe from the evidence the street car coming east on Boulevard approached Campbell street at a high rate of speed, but that when the automobile driven by Mr. Bariclaw reached a point at or near the north line of Boulevard, the said Bariclaw and Mrs. Jordan saw the street car approaching from their right and by the exercise of ordinary care could or should have known that the same was traveling at a high rate of speed, if in fact it was traveling at a high rate of speed, and that the automobile was traveling at a rate of speed from seven to eight miles an hour, more or less, and that the automobile traveling at the speed at which it was so traveling could have been stopped by the exercise of ordinary care in the space of four or five feet, or approximately in that distance, but seeing the approaching car, the persons in the automobile continued ahead without keeping a lookout or a reasonably sufficient lookout for the approaching car until they could not avoid a collision, and then, when too late, attempted to turn aside to avoid the street car, but came into collision with the same, or struck, or were struck by the street car, and that their having so continued ahead without keeping a lookout, or a reasonably sufficient lookout, if such was the case, was negligence on the part of Mrs. Jordan and the said Bariclaw, or either of them, and that such negligence, if any, caused or contributed to cause the collision, then in that event you will answer said special issue No. 10, 'Yes.'"

The first proposition is that it is a charge upon the weight of the evidence because it indicates the view of the court as to the effect and weight of the testimony in establishing contributory negligence.

Second is that it does not confine the jury to a consideration of the facts pleaded as constituting contributory negligence and concerning which evidence was introduced, and, third, the case, having been submitted on special issues, the rule, applicable to a general charge, that a party is entitled to an affirmative grouping of facts pleaded as a defense, has no application, and that it is reversible error to so group the facts.

The second and only other assignment is directed at another special charge given at the request of defendant upon contributory negligence. The propositions raise approximately the same questions.

Where a case is submitted under a general charge, the defendant is entitled to have facts pleaded as a defense and supported by testimony grouped and affirmatively submitted to the jury. M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Traction Co. v. Adams, 107 Tex. 612, 183 S. W. 155.

We think this rule has no application where the case is submitted upon special issues. San Antonio U. & G. R. Co. v. Dawson, 201 S. W. 247.

There is a conflict in the holdings of the Courts of Civil Appeals upon this question, but the Supreme Court, by its note in granting writ of error in T. & N. O. Ry. Co. v. Harrington, 209 S. W. 685, indicated that it was error to group evidentiary facts in submitting a case by special issues. Opinion not yet handed down (229 S. W. ——).

Having concluded that the case must be reversed for a new trial because the facts were grouped in this special charge, it becomes unnecessary to pass upon the other propositions, because, if the facts are not grouped in the charge upon another trial, if there is error in the charges in the other respects mentioned, it will not recur.

The motion for rehearing is granted, and the cause reversed and remanded.