**MICHNA et al. v. STATE et al. (No. 6377.)**

(Court of Civil Appeals of Texas. Austin. July 2, 1921.)

**Boundaries ⊜⌐41—Party producing evidence on issue is entitled to special charge thereon.**

Where, in a boundary dispute, there was evidence produced by a party in support of an issue by him as to a particular location, he was entitled to a special charge thereon in addition to the general charge.

Error from District Court, Travis County; George Calhoun, Judge.

Action by the State of Texas and others against E. Michna and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Weeks, Morrow & Francis, of Wichita Falls, for plaintiffs in error.

C. M. Cureton, Atty. Gen., and E. F. Smith, W. W. Meachum, Jr., and T. L. Beauchamp, Asst. Attys. Gen., for defendants in error.

JENKINS, J. The only issue in this case is as to whether the land described in defendants in error's petition, and which they sue herein to recover as vacant land, is embraced within the boundaries of the patented survey in the name of F. W. Huseman. The court in its charge to the jury stated the law of boundary correctly, as far as it went. The jury found in favor of defendants in error. The evidence is sufficient to sustain the verdict. But we think the court committed material error in refusing to give special charge No. 2, requested by plaintiffs in error, as follows:

"If you believe from the evidence that J. P. Earle, in surveying the F. W. Huseman survey, located the northwest corner thereof at a point on the bank of Red river where there is now situated a stone from which an elm brs. south 38¼° west 143 vrs., or if you find from the evidence that said surveyor located said northwest corner of the Huseman survey at any point north of said stone, then you will find for the defendants."

The field notes of the Huseman survey show that it was made by J. P. Earle, February 21, 1874. They call for the N. W. corner of survey No. 818 as the beginning corner of this survey. There does not seem to be any substantial dispute as to the location of this corner. The calls are:

"Thence south 4,845 vrs., a stake in prairie; thence west 1,900 vrs. to a stake in the east boundary line of the Lewis Powell survey; thence north with said Powell 3,925 vrs., a stake in bank of Red river; thence down said river with its meanders as follows: N. 64 E. 2,111 vrs. to the place of beginning."

If Earle surveyed this land and actually made its corners on the ground, the corners so made are the corners of the Huseman survey. Neither Earle nor any one who assisted in making this survey testified in this case. It is the contention of plaintiffs in error that Earle made the northwest corner of the Huseman survey at the northeast corner of the Powell. This corner is found and identified, and, if it is also the northwest corner' of the Huseman, there is no vacancy. Plaintiffs in error introduced in evidence the field notes of an abandoned survey in the name of Elizabeth Rehorse, made by J. P. Earle, April 9, 1874, which begins at the same place as the Huseman survey, and calls to run—

"Thence south 3,407 vrs. to stake; thence west 1,900 vrs. to stake in the east line of the Lewis Powell; thence north with the east line of same 2,487 vrs. to the N. E. corner of same on the bank of Red river; thence N. 64 E. 2,111 vrs. to the beginning."

This evidence tended to support plaintiffs in error's contention that Earle made the N. W. corner of the Huseman survey at the N. E. corner of the Powell. The plaintiffs in error had the right to have this feature of their defense affirmatively presented, as would have been done had the requested charge hereinbefore set out been given, and it was error to refuse this charge. Traction Co. v. Adams, 107 Tex. 614, 615, 183 S. W. 155, and authorities there cited.

For the error in refusing to give the special charge herein referred to, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

⊜⌐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes