## BERGMAN PRODUCE CO. v. AMERICAN RY. EXPRESS CO.     (No. 7163.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1924. Rehearing Denied June 11, 1924.)

1. Carriers &⟷134—Prima facie case against carrier for loss of goods, stated.

Proof of delivery and passage of possession of goods to the carrier and no delivery in accordance with bill of lading makes prima facie case of negligence.

2. Carriers &⟷137½—Lack of causal relation between negligence and loss of goods held to preclude judgment for shipper.

In suit for damage to shipment, jury findings that unprecedented storm proximately caused the loss and damage, that defendant was negligent, but that the negligence did not proximately cause the loss, precluded judgment for plaintiff shipper, except for amount admitted due.

3. Carriers &⟷119—Loss by fire not act of God.

Loss of goods by fire is not a common-law exception to carrier's liability for damage to goods, as being an act of God which absolutely relieves carrier in the absence of the carrier proximately causing or contributing to cause the loss.

4. Carriers &⟷132—Carrier's proof of damage by act of God shifted burden of proving negligence to plaintiff shipper.

Carrier's proof that an act of God, an unprecedented storm, caused the damage to plaintiff's goods, met the plaintiff's prima facie case, and shifted to shipper the burden of showing that carrier could have reasonably foreseen and anticipated such a storm and prevented its consequences by the exercise of ordinary care.

5. Appeal and error &⟷882(1)—Invited error not ground for reversal.

Error, invited by appellant, is not ground for consideration or reversal.

6. Negligence &⟷56(1)—Definition of "proximate cause" held proper.

Court's definition of "proximate cause" as moving and efficient cause, requiring that the act or omission be, while not the only or sole cause, at least a direct and concurring cause

and one but for which the result would not have occurred, *held* proper.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**7. Carriers ⬧123—Negligent delay not proximate cause of loss by casualty constituting an act of God.**

Negligent delay cannot be regarded as proximate cause of loss by a casualty constituting, in itself, an act of God, such as an unprecedented flood, though had there been no delay there would have been no damage.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by the Bergman Produce Company against the American Railway Express Company Judgment for defendant, and plaintiff appeals. Affirmed in part, and reversed and rendered in part.

Slay, Simon & Smith and Charles B. Stewart, all of Fort Worth, for appellant.

Thompson, Barwise & Wharton, of Fort Worth, for appellee.

COBBS, J. This was a suit by appellant, filed in the county court of Tarrant county, against appellee, to recover damages for loss of six shipments of produce delivered to appellee for various points west of Fort Worth, on the 24th day of April, 1922, of the value of $437.26. Appellee admitted that the goods named were delivered to it for shipment, but denied liability for loss because of an unprecedented storm occurring along the lines of the Texas & Pacific Railway Company west of Fort Worth, en route of shipment, and that such loss and damage was the result of an act of God, and that it was not liable for such loss. Appellee tendered in its answer $47, the amount realized from the sale of the produce. The cause was submitted to the jury upon special issues, and upon their findings the court rendered judgment for appellee.

Appellee has filed various objections to our considering appellant's brief on the ground that the cause has not been properly briefed, and its motion is not without merit. Appellant has attempted to make corrections by filing what is called a "supplemental brief." This being a county court case, we shall consider the case upon the record and upon the questions presented material for the disposition thereof.

[1] We agree with appellant that when the proof shows a delivery of goods to a common carrier for shipment, and the possession has passed from the shipper to the carrier, and is not delivered in accordance with the bill of lading, a prima facie case of negligence is shown.

[2] These goods were not delivered for the reason shown. It was proven by appellee that the flood was unprecedented, and there is an agreement in the record that such flood was unprecedented. There is ample proof in the record to establish beyond a doubt that the Texas & Pacific Railway train, No. 11, leaving Fort Worth about midnight, May 24, 1922, was delayed or tied up at Aledo, Tex., for several days on account of such flood.

The issues submitted to the jury, and their answers thereto, are as follows:

(1) "Was the flood of April 24 to 29, 1922, unexpected, extraordinary, and unprecedented in the history of Aledo, Tex., and vicinity? Answer: Yes."

(2) "Was the flood in question the proximate cause of the damage complained of? Answer: Yes."

(3) "Was defendant, American Railway Express Company, negligent in the care of the shipment in question? Answer: Yes."

(4) "Was the negligence of the defendant, if negligence you find, the proximate cause of the damage claimed to the shipment in question? Answer: No."

There must be a causal relation between the alleged act of negligence and the damages suffered. As the jury found the unprecedented storm was the proximate cause of the loss and damage to the goods, and the negligence of the appellee was not the proximate cause of appellant's loss, no judgment could have been here rendered for the appellant, except for the amount admitted to be due. Railway v. Bigham, 90 Tex. 228, 38 S. W. 162; I. & G. N. Ry. v. Bergman (Tex. Civ. App.) 64 S. W. 999.

The agreement of the parties was:

"It is agreed that the storms and rainfall of April 24, 25 and 26, 1922, was an unprecedented storm amounting to an act of God in the eyes of the law.

"It is further agreed that the defendant should not, under the circumstances, as shown by the evidence in this case, have reasonably foreseen and anticipated the storm or storms in question."

The train was marooned and held at Aledo about four days on account of the unprecedented storm and high water. There was no error of the court in refusing to give an instructed verdict for appellant.

It is contended by appellant that the court erroneously placed the burden of proof upon him to show that the negligence of appellee did not contribute to the loss; or, rather, meaning that the burden was placed on him to show that the negligence of appellee contributed to the act of God as a proximate cause of the damage. No question of contributory cause was submitted to the jury, or any complaint that the negligent acts of appellee were the proximate cause of appellant's loss.

When a carrier seeks to escape liability by reason of a common-law exception, an issue

can arise as to negligence and present an irreconcilable conflict on the question of the burden of proof. 10 Corpus Juris, p. 376, § 500 B.

Right here there is presented distinct lines of reasoning, such as in cases where the damage occurs by reason of flood caused by the act of God, and the other by fire. Could the flood have been reasonably anticipated or foreseen and its consequences prevented by ordinary care, and after the disaster did the carrier exercise ordinary care in protecting and handling the property? And in case of fire, did the carrier's negligence cause the fire?

[3] The common-law exception, when the damage resulted from an act of God, the carrier is absolutely relieved from liability in the absence of the carrier proximately causing or contributing to cause the loss. Loss by fire is not a common-law exception. Am. Exp. v. Duncan (Tex. Civ. App.) 193 S. W. 411.

[4] In this case both the proof and the effect of the agreement was that this damage was caused by the act of God, and we do not believe the cases of Cleburne Peanut & Products Co. v. Railway Co. (Tex. Com. App.) 221 S. W. 270, and W. A. Ryan & Co. v. M. K. & T. Ry. Co., 65 Tex. 13, 57 Am. Rep. 589, are authorities for the contention of appellant that the burden of proof is on the carrier to show that its negligence did not contribute to bring about the damage. When it shows it was caused by the act of God, a prima facie case is met.

Here a great storm is shown to have caused the tie-up of the train, and it was water-bound for four days and could not be moved. Clearly appellant had the burden of proof to show that the carrier under the circumstances could not have reasonably foreseen and anticipated such an unprecedented storm and prevented its consequences by the exercise of ordinary care, and further the unprecedented storm was the proximate cause.

Since the jury found, as a matter of fact, that appellee was negligent, it becomes of no consequence whether or not it was error to charge the jury that the burden of proof was upon appellee to show its negligence was the proximate cause of the loss. In other words, the burden was not on it, the carrier, to show its negligence did not contribute to bring about the accident. The Ryan Case, cited supra, was discussing a case where the accident occurred by fire, and the bill of lading contained no special exception that if the goods are lost by the act of God that the burden rested upon the carrier to show that its negligence did not contribute to bring about the accident.

The syllabus to the decision is not a correct reflection of what is held in the opinion itself. It laid down strictly a limited rule on the question of the burden of proof in cases where the carrier attempted to escape liability on account of loss by fire under a special contract limiting its liability in case it was not negligent in causing the fire.

The fairer rule seems to be, in cases where the carrier proves the loss occurs by an act of God, the burden shifts to the plaintiff, notwithstanding it was the act of God, to show the negligent manner the carrier handled the goods after the disaster was the proximate cause of the damages. Mistrot-Calahan Co. v. Railway Co. (Tex. Civ. App.) 209 S. W. 775; Railway Co. v. Bergman (Tex. Civ. App.) 64 S. W. 999; Express Co. v. Duncan (Tex. Civ. App.) 193 S. W. 411; Railway Co. v. Reeves, 10 Wall. 189, 19 L. Ed. 909; Railway Co. v. Prescott, 240 U. S. 632, 36 Sup. Ct. 469, 60 L. Ed. 836; Kohlsaat v. Parkersburg & Marietta Sand Co. (C. C. A.) 266 Fed. 283, 11 A. L. R. 686.

[5] Appellant complains of the failure of the court and its refusal to submit to the jury the question of contributing cause with reference to the negligence of appellee.

An examination of the record leads us to believe, if any error was committed, it was invited by appellant, and presents no ground for consideration and is no ground for reversal, and the assignment is overruled.

We see no error committed by the court in rejecting the testimony of the witnesses as to the market value of the goods. This refers to the rejected testimony of W. S. Hooper, J. W. Bondurant, and Elmo Coon.

[6] In regard to appellant's complaint at the charge of the court in defining proximate cause, the court told the jury:

"'Proximate cause,' as that term is used in this charge, means the moving and efficient cause. For an act or omission to be the proximate cause of a particular result, such act or omission need not be the only or sole cause of such result, but must be at least a direct and concurring cause thereof and but for which the result in question would not have occurred."

The court submitted the issues of negligence germane to that issue:

"Issue No. 2. Was the flood in question the proximate cause of the damage complained of?"

"Issue No. 4. Was the negligence of the defendant, if negligence you find, the proximate cause of the damage claimed to the shipment in question?"

[7] Under this definition, to which we find no complaint, the jury were sufficiently informed to find that the negligence of appellee did contribute to or concurred with the unprecedented storm to proximately cause the damage. It was immaterial whether or not the further question of contributing cause with reference to the negligence of appellee, as contained in appellant's proposition, was submitted. Railway Co. v. Nation et al. (Tex. Civ. App.) 92 S. W. 823:

"The rule is well settled that if the negligence of a common carrier concurs with the

act of God in causing damage to the property entrusted to it for transportation it is liable for the damage caused by such concurring negligence, although it may have been contributed to by the vis major. It will be observed, from the part of the charge complained of, that no negligence in the delay or handling of the cattle before they were delivered by the Texas & Pacific Railroad at Pecos to its connecting carrier could be considered by the jury as concurring with extreme cold weather in causing the damage. In other words, if such negligence concurred in producing the damage, such damage was excluded and could not be considered in estimating the damage that any of appellants was liable for. Each appellant, under the charge, was only liable for such damage from cold weather as was occasioned by its negligence concurring therewith." 10 Corpus Juris, p. 125.

Negligent delay cannot be regarded the proximate cause of loss by a casualty constituting in itself an act of God, though had there been no negligent delay there would have been no damage. There is no legal duty imposed upon the carrier to guard against what cannot be foreseen, because negligent delay in such a case, while a remote cause is not a proximate cause of the loss. Negligent delay cannot be regarded as the proximate cause of an ultimate loss by a casualty constituting in itself an act of God, although had there been no negligent delay the property would not have been subjected to such casualty. It is admitted that the negligent delay of the carrier concurs with the unprecedented storm, but these cases proceed on the theory that there is no violation of a legal duty in failing to guard against what cannot be foreseen, and hence the negligent delay is a remote and not a proximate cause of the loss, therefore the carrier is not liable. St. S. W. Ry. Co. v. Hughston Grain Co. (Tex. Civ. App.) 186 S. W. p. 429; Eagle Pass Lumber Co. v. Railway Co. (Tex. Civ. App.) 164 S. W. 402; Fentiman v. Railway Co., 44 Tex. Civ. App. 455, 98 S. W. 939, and cases cited; Ft. Worth & Denver City Ry. Co. v. Lemons (Tex. Civ. App.) 258 S. W. 1095 (decided by Amarillo court).

It is obvious, had the jury found negligence in any way connected it with appellant's loss, all they had to do was to answer question No. 4 in the affirmative.

Appellant contends the trial court erred in refusing to render judgment in his favor for $47 and costs of suit, being the amount appellee admitted owing appellant, though such sum was not tendered in court.

This is the amount realized from the sale of the damaged goods, over and above its market value after deducting costs and expenses of sale.

It would be a strange equity that would release appellee from the payment of the $47, admitted to be in its hands belonging to appellant, upon some very refined point of pleading. So we lay out of sight the question whether or not a plea of tender is applicable in an action for the recovery of unliquidated damages.

Appellee says:

"In the event the court should decide that we are wrong in our counter propositions on this point of tender, it is respectfully submitted that this court should not reverse and remand the cause, but should reform the judgment giving plaintiff herein a judgment for the $47, admitted, and for costs of suit."

This assignment is sustained.

We think the case has been well tried, and substantial justice has been done.

The judgment of the trial court is affirmed in all respects, except as to the $47, and as to that item the judgment is reversed and here rendered for appellant at the cost of appellee.

Affirmed in part, and reversed and rendered in part.