**COMMUNITY NATURAL GAS CO. v. HENLEY et al.**

No. 6238.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1931.

Rehearing Denied Jan. 9, 1932.

Harry Preston Lawther, of Dallas, Tex., for appellant.

Webster Atwell and W. B. Hamilton, both of Dallas, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from a verdict and judgment finding appellant negligent in respect of a passageway through a pile of earth thrown up by it on the sidewalk and across a ditch which it had dug, along the east side of Sayles street at its intersection with Church. The grounds of negligence alleged were that, pursuant to its obligation and practice to provide foot passageways across the ditches which it dug in the course of its work, appellant had caused this one to be provided; or, if it had not done so, it knew, or in the exercise of ordinary care should have known, of its existence, and that the public was using, or was likely to use, the same as a passageway; that it was an insecure and unsafe one, and its existence there was negligence.

At the conclusion of the evidence which on plaintiffs' part was that there was a passageway through the pile of earth obstructing the sidewalk, that this passageway led to a concrete slab placed across the ditch, that it had been there for some time, and that others besides plaintiff had used it, that plaintiff, on her way to town after heavy rains had made muddily impassable the approach to the bridge in the street, had seen and undertaken to use the passageway through the piled-up earth and over the concrete slab, that the slab had turned under her foot, causing her injury, on defendant's part that it had not made any passageway or laid any concrete slab across the ditch, and that there was no such passageway or slab existent there; the trial court overruling defendant's request for an instructed verdict, submitted to the jury to find whether the matter had occurred as plaintiff and her witnesses had testified it did, and whether the defendant had made the passageway, or knew that the passageway and slab of concrete were there, and that the public was using or was liable to use them. It also charged the jury upon contributory negligence and proximate cause; in fact, upon all of the issues affirmative and defensive, nor was there any exception taken to the charge or any error assigned upon it, except the refusal to direct a verdict.

The errors assigned here are to that refusal, and to the admission, over objection, of certain testimony of defendant's witnesses Hamrick and Havens, adduced on cross examination.

Upon the peremptory instruction, appellant's position is that there was no evidence that defendant had constructed the passageway or laid the concrete slab complained of, and that there is equally none that it knew that the public was using, or would use, the passageway in question; that the verdict in this case may not rest upon the fact which it says was all the record establishes, that there was a passageway and a slab of concrete across the ditch; that there must have been proof also connecting the defendant with the making of the passageway or the laying of the slab, or charging it with knowledge that the passageway was there, and was being, or would likely be, used by the public which had been excluded from its regular passageway by the act of the defendant.

While it is doubtful whether there was evidence from which it could be inferred that appellant had constructed the passageway or caused the concrete slab to be laid across the ditch, and, had appellant asked for an instruction taking this issue from the jury, we should have had grave doubts of the correctness of its refusal, we think the matter stands very differently upon the other issue, whether, though it did not lay the passageway and slab down, it knew they were there, and knew, or was charged with knowledge, that the public would use them in crossing the ditch at that place. There is no direct evidence that any representative of the defendant knew of the existence of the passageway and the concrete slab across the ditch. There is evidence, however, that they had been there for some two or three days before the accident, that they appeared to constitute a passageway for the use of the public, and that this passageway had in fact been used.

From these facts, that the defendant either knew of the existence of this obvious condition, or, if it did not know of it, it ought, in the exercise of ordinary care, to have known of it, was an easy inference.

■ Appellant presents the matter as though it would be liable for a defect in a passageway across a street which it had obstructed only if it had deliberately created and maintained it. This position overlooks the principle of law controlling here, that one having obstructed a passageway across a street, having taken control there and having assumed, as defendant's testimony shows that it did, the obligation to provide a passageway over the obstruction, cannot escape liability for injuries resulting to persons using means of

egress from the obstructed territory, which, though not actually provided by defendant, were permitted to assume an appearance of safe passage and to remain in that condition without guards or barriers, until one of the public, attempting to use it, came to harm. Wichita Falls Traction Co. v. Adams, 107 Tex. 612, 183 S. W. 155.

■ In the light of the positive duty of the defendant to exercise care to guard the public against injury as the result of its working on the street, the difficulties arising out of questions of permissive and invited use altogether disappear, and the case presents itself simply as one of fact whether the proof supports the verdict that the defendant has breached its duty in permitting the public to be misled, by not using reasonable care to guard against it, in using to their hurt, an apparently safe passageway. It is true enough that defendant's proof shows that, while in some cases in the downtown parts of the city it did provide separate crossings for foot passengers, in this particular case it undertook to provide, and did provide, only a bridge in the middle of the street for foot and vehicle traffic alike, and that it placed guards or barriers so that the ditch could not be crossed except upon the bridge. This however, does not foreclose the issue from the jury's standpoint, nor prevent them from finding that, notwithstanding the bridge was the only form of passage which the defendant had actually provided, the defendant knew, or in the exercise of ordinary care would have known, that there was such a place as plaintiff described, having the appearance of a passageway, which the public might, and in her case and in that of others did, use, and the unsafe and dangerous nature of which the defendant ought to have provided against.

■ We think the evidence was sufficient to support the verdict of the jury that appellant was negligent in allowing a condition of this kind to exist in a public street of which it had temporary charge and control, and that for the damage resulting proximately therefrom the defendant is in law liable. Wichita Falls Traction Co. v. Adams, 107 Tex. 612, 183 S. W. 155; T. & N. O. v. Echols, 17 Tex. Civ. App. 677, 41 S. W. 488.

■ Appellant's assignments on the evidence present no reversible error. The cross-examination of Havens as to the size of the concrete slabs actually dug up in the course of the work of defendant on the streets was legitimate cross-examination in an effort to overthrow the claim of the defense that no such concrete slab as claimed by plaintiff could have been in the ditch, because no slabs of that size were ever dug up by defendant. It it was permissible, and we think it was, for defendant to offer proof that no slabs of the kind testified to by plaintiff's witnesses were dug up by it, it was permissible for plaintiff to show the contrary.

■■ Neither was the action of the court in overruling defendant's objection to the cross-examination of Hamrick upon his custom, as truck driver, to carry and place not only vehicle bridges, but foot passenger bridges, prejudicial error. The only objection urged to this testimony was that it was immaterial. The same testimony had already been given by the same witness without objection. "I was the truck driver, and as such carried around these improvised bridges and foot bridges for pedestrians and the barricades. We usually put the bridges in the middle of the street in some places, in the business part of town we had those little bridges, just one single bridge for people to walk across on."

■ It is the universal rule that, to justify a reversal because of the admission of immaterial evidence, it must appear that the error was so substantial as to injuriously affect the rights of the objector, Miller v. Con. Shipbuilding Corp (C. C. A.) 265 F. 158, and it is also the rule that the erroneous admission of evidence is harmless where the same facts have come in without objection. Besides, this testimony and the other complained of was adduced on cross-examination. The range which this should take is largely committed to the discretion of the trial judge, and an error in the exercise of this discretion must be plain and harmful before it may be made the ground of reversal. Sloan Co. v. Uncasville Mfg. Co. (C. C. A.) 240 F. 680.

Both before and since the Act of February 26, 1919 (28 USCA § 391), it has been necessary to do more than show that evidence admitted was immaterial. Since that enactment, the tendency is to enlarge the sphere of the trial judge in the admission and exclusion of testimony, and not to disturb the judgment, where it affirmatively appears, as here, that the rulings, if erroneous, were harmless. Copper Process Co. v. Chicago Bonding & Ins. Co. (C. C. A.) 262 F. 66, 8 A. L. R. 1477.

In Missouri Valley Bridge & Iron Wks. v. Blake (C. C. A.) 231 F. 417, 422, it is said: "In the trial of a case of this kind it is hardly to be expected that some question will

not be asked or reply made which, taken by itself, would be open to objection; and if every theoretical error led to reversal, there would be no end to litigation. But the verdict of a jury is not to be lightly set aside, and mistakes which do not involve injustice should ordinarily be disregarded."

Conceding, then, that appellant was right in its objection that whether foot bridges were placed at other points or not was immaterial because the question was what was done at the intersection in controversy, it is perfectly plain that, if under the circumstances there was any error at all in its admission, that error was not prejudicial, but harmless.

Finding no error in the proceedings of the trial court, the judgment is affirmed.