## FORDYCE *v.* JACKSON.

Opinion delivered October 19, 1892.

1. *Railway—Liability to express messengers.*

Where a railway company, without any express contract, undertakes to carry an express messenger in a car provided by it for the use of the express company, it owes to him the same duty to use every reasonable precaution to carry him safely that it owes to an ordinary passenger.

2. *Negligence—Obstruction on track.*

In an action by an express messenger for injuries sustained in a railway accident, proof that the engine collided with a bull upon the track near a bridge, that the tender broke loose from the express car, which went through the bridge, and that plaintiff was injured by the fall of the car, makes a *prima facie* case of liability on the part of the railway company that is not overcome by proof that the animal came upon the track without knowledge of the company's employees; to rebut the presumption of negligence it should be further shown that the company, or its servants, exercised due care to keep the animal off the track and to prevent a collision with it.

3. *Collision with cattle—Duty of railway to fence track.*

The duty of a railway company to exercise every reasonable precaution to prevent injury to passengers requires of employees in charge of trains faithful watchfulness to prevent accidents by collisions with cattle, and requires the company to keep a clear right of way to afford them the facility of performing that duty; if these or other precautions are insufficient to guard

against that danger, and a fence will render the track safe from the intrusion of cattle, the company's obligation demands the more effective precaution.

4. *Erroneous instruction—When not prejudicial.*

If the undisputed facts establish a state of case which entitles plaintiff to recover for the defendant's negligence, the latter cannot complain that the court's charge imposed a higher degree of care than the law justifies.

5. *Bill of exceptions—Affidavits of bystanders.*

Under secs. 5160-1, Mansf. Dig., affidavits of bystanders to prove exceptions taken at the trial cannot be filed and become part of the record if it does not appear by the record that the exceptions were presented to the judge and disallowed, and there is no suggestion in the affidavits that the judge refused to certify such presentment and disallowance in the record.

6. *Court's charge—Want of specificness.*

That the court's charge was general in its terms is no ground for reversing a judgment if no request was made for a more specific charge.

7. *Damages—Excessiveness.*

Evidence that plaintiff had several ribs broken, a hip contused, his nose broken and disfigured, a permanent case of catarrh superinduced and the sense of smell impaired, as results of an injury, will justify an award of $5000 as damages.

Appeal from Lafayette Circuit Court.

WILLIAM S. EAKIN, Special Judge.

Action by Dan C. Jackson against S. W. Fordyce and A. H. Swanson, receivers of the St. Louis, Arkansas & Texas Railway Company, to recover damages for injuries received in a railway accident. The facts are sufficiently stated in the opinion.

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. Plaintiff's relation to the company does not warrant a recovery. There was no special contract; and if a passenger, he was not in the proper car, and took the inherent risk. 47 Am. & E. R. Cases, 586; Beach on Cont. Neg. 55; Patterson, Ry. Ac. Law, 286; 1 A. & E. R. Cas. 79; 8 *id.* 396; 47 *id.* 492-4; Mansf. Dig. sec.

5477 ; 34 A. & E. R. Cas. 355 ; 1 *id.* 234 ; Wood, Ry. Law, p. 1042.

2. The first instruction lays down too rigid a rule as to the degree of care. Carriers are not insurers of passengers. 48 N. W. Rep. 1031 ; 40 A. & E. R. Cas. 703. The fourth on the measure of damages is erroneous. 36 Mo. App. 215 ; 15 A. & E. R. Cas. 265 ; 19 Mo. App. 107–112 ; 3 Bush (Ky.), 587 ; 96 Ill. 162–174 ; 18 A. & E. R. Cases, 47 ; 21 L. J. (Q. B.) 233 ; 9 Exch. 341–356.

3. The evidence shows due care and diligence on part of the railway to avoid an unavoidable accident.

*Scott & Jones* for appellee.

1. The certificates and affidavits copied in the record are not a bill of exceptions, and cannot be considered as part of the record. There is no showing that there was any disagreement between the judge and counsel ; nor that matters were requested to be saved and were refused. They are mere *ex parte* papers. Mansf. Dig. secs. 5160–1.

2. Jackson was in the car furnished by defendants for express matter and messengers. He was a passenger. 15 S. W. Rep. 280 ; 48 Ark. 460.

3. The instructions are copied from the language of this court. 34 Ark. 613 ; 2 Redf. Law of Railways, p. 219 ; 51 Ark. 459.

4. After the wreck was shown, there arose a presumption of negligence. 51 Ark. 457.

5. If a fence was necessary for the protection of passengers, then the company was guilty of negligence in not fencing their track. 30 Pa. St. 234 ; 72 Am. Dec. 698 ; 46 Ark. 182.

6. Plaintiff was on the train with the knowledge and consent of the conductor, and thus the relation of passenger and carrier is established. See 3 Head, 638 ;

74 Pa. St. 421 ; 66 N. Y. 313 ; 14 How. 468 ; 13 A. & E. R. Cas. 55.

7. The damages are not excessive.

> *Bunn & Gaughan* and *Sam H. West* for appellant, on motion for rehearing.

The measure of damages is a question of law. It was the duty of the court to tell the jury what were the elements of damages, and not leave them to find what could be treated as a necessary result of the jury. 36 Mo. App. 215 ; 15 A. & E. R. Cas. 265 ; 3 Suth. Dam. 426 ; 3 Sedg. Dam. (8th ed.), 577 ; 3 Bush (Ky.), 587 ; 96 Ill. 162–174 ; 18 A. & E. R. Cas. 47 ; 21 L. J. (Q. B.), 233 ; 9 Exch. 341–56.

COCKRILL, C. J. The plaintiff was the messenger of the Southern Express Company engaged in conducting the express company's business on the line of the appellants' railway. The car provided by the railway for the use of the express company was derailed while the plaintiff was discharging his duties as express messenger, and he was injured in the wreck which followed. He recovered judgment for the personal injury, and it is argued by the appellants that his relation to the company does not warrant a recovery.

*1. Liability of railway to express messenger.*

It is true there was no express contract between the plaintiff and the railway company ; but as the railway undertook to carry him, it was bound to use every reasonable precaution to carry him safely. He could recover, therefore, in tort, just as any passenger may, for the violation of this general duty. All the cases upon this and analogous questions are to that effect. Thompson on Carriers, p. 45, sec. 5 ; Patterson's Railway Ac. Law, sec. 222 ; 2 Wood, Railway, p. 1042 and n. 3 ; *Yeomans* v. *Navigation Co.* 44 Cal. 71 ; *Penn. Co.* v. *Woodworth,* 26 Ohio St. 585 ; *Brewer* v. *Railway,* 124 N. Y. 59 ; *Seybolt* v. *Ry.* 95 id. 562 ; *Blair* v. *Ry.* 66 id. 313 ; *Gulf, etc. Railway* v. *Wilson,* 15 S. W. Rep. (Tex.), 280.

**2. Evidence held to establish negligence.**

The testimony on behalf of the plaintiff tended to show that two causes conduced to the wreck, viz., a bull on the track and a rotten bridge.

The undisputed facts were that a bull came upon the track near the bridge, the engine ran over the animal, the tender broke loose from the express car, the latter went through the bridge, and the plaintiff was injured by the fall of the car.

Those facts establish a *prima facie* case for recovery in the plaintiff's favor, for the accident would not have happened, ordinarily, had the track been safe and the train operated with care. *Seybolt* v. *Ry.* 95 N. Y. *sup.*; *Railway Co.* v. *Hopkins*, 54 Ark. 209; *St. Louis, etc. R. Co.* v. *Harper*, 44 *id.* 524.

To overcome the case thus made, the railway points to testimony introduced by it tending to show that the bridge was in sound condition, and that the bull came upon the track without the knowledge of the company's employees. This testimony is contradictory of that of the plaintiff, but it does not extirpate it. If it could be conceded, however, that the jury was bound to find that the bridge was safe, the plaintiff's *prima facie* case would not be overcome, because the railway did not show that the company, or its servants in charge of the train, had exercised due care to keep the animal off the track or to prevent a collision with it. It is no answer for the railway to prove simply that the animal came there without its knowledge.

**3. Duty of railway toward passenger.**

In this State it is the general custom to permit cattle to run at large. It is apparent to those who operate railroads that roaming cattle are a constant menace to the safety of an unguarded track. The railway's obligation, to every one whom it undertakes to carry in the relation of a passenger, is that it will take every reasonable precaution to avert injury to his person, whether from collision with cattle or from other danger which it

has reason to apprehend. The omission of any reasonable precaution to effect that end is negligence. *Arkansas Midland Railway* v. *Canman*, 52 Ark. 517.

This obligation requires of the employees in charge of trains faithful watchfulness to prevent accidents by collision with cattle, and it requires the company to keep a clear right of way to afford them the facility of performing that duty. If these or other precautions are insufficient to guard against the danger, and a fence will render the track safe from the intrusion of cattle, the company's obligation demands the more effective precaution. "If the want of a proper fence makes the railway unsafe, and an accident happens to a passenger in consequence, the company are responsible to him, although they are under no obligation to the adjacent (land) owner," or the owner of cattle, to fence the track. *Buxton* v. *N. E. Ry.*, 3 L. R. Q. B. 549 ; *Lackawanna, etc., Ry.* v. *Chenewith*, 52 Pa. St. 382 ; *Gulf, etc., Railway* v. *Wilson*, 15 S. W. Rep. *sup.; Cornwall* v. *Sullivan Railroad*, 8 Fost. (N. H.) 161, 169.

Now the testimony, considered in its strongest bearing for the railway, did not warrant the jury in finding that the company had taken the necessary precaution to prevent collision with cattle.

There is nothing tending to prove that the track could not have been made safe by the use of a fence at the point where the bull entered upon the right of way ; and the uncontradicted statement of the fireman shows that he did not exercise due care in maintaining a lookout. He testifies that he quit his watch just as the train entered upon the curve in the road where the accident happened. He knew that the engineer could not keep watch upon both sides of the curve at that point, and common prudence demanded that he should remain at his post until his companion could see both sides of the track from his place in the cab. The curve was short, and the

duty which he turned to perform was not imperative at that moment, and it could have been performed upon the straight track before reaching or after passing the curve. If the fireman had kept a lookout, the presumption is he would have discovered the animal in time to avert the accident, unless prevented by the trees and bushes which, some of the witnesses say, grew near the track at that point. But if prevented by that cause, it would have offered no excuse for the company, as before stated.

**4. When erroneous instruction not prejudicial.** The appellants argue that the charge of the court imposes a higher degree of care upon the railway, in its effort to avoid danger to passengers, than the law justifies. The instruction mainly complained of * is couched in language copied from an opinion of this court. But if we should concede that its language is too rigid for application in this case, the verdict should not be disturbed because the undisputed facts establish a state of case upon which the plaintiff should recover.

**5. Amending bill of exceptions by affidavits of by-standers.** The appellants attempt to add to the bill of exceptions allowed by the trial judge by presenting certificates filed with the circuit clerk and affidavits attesting the truth of his additional exceptions. But their effort must prove futile, because the record fails to show that the omitted exceptions were presented to the judge for allowance and rejected by him. It is only where the exceptions are presented to the judge for allowance and are rejected by him that the statute permits them to be preserved by the certificate and affidavits of bystanders. Mansf. Dig., secs. 5160-1.

---

* The portion of charge of the lower court above referred to was copied from the opinion in the case of *George* v. *St. L., I. M. & S. Ry. Co.* 34 Ark 625., and is as follows:

"The jury are instructed that passenger carriers by railway are bound to the utmost diligence which human skill and foresight can effect, and that if any injury occurs by reason of the slightest omission in regard to the highest perfection of all the appliances of transportation, or the mode of management at the time the damage occurs, the carrier is responsible."

When the judge rejects any part of the bill of exceptions presented to him for allowance by either party, he should certify that fact, if the aggrieved party desires, in the bill of exceptions. The foundation is then laid for preserving the excluded exceptions by the aid of bystanders. If the judge refuses to certify this disallowance of any matter, it is time enough then to attempt to bring that fact upon the record by the bystanders. For aught that appears here, the judge allowed the bill of exceptions, presented to him by the appellant. There is no intimation to the contrary in the bill of exceptions, the certificates or affidavits. We cannot extend our consideration therefore beyond the exceptions contained in the bill allowed by the judge.

Let the judgment be affirmed.

### OPINION ON MOTION FOR REHEARING.

COCKRILL, C. J. The appellant has filed a motion for reconsideration upon the ground that the court's charge on the measure of damages is erroneous, and that the damages awarded are excessive. Both questions were considered by the court, but neither is adverted to in the opinion.

It is argued that the charge is wrong for two reasons, viz.: 1. Because, after enumerating some of the elements of damages which the plaintiff might recover, it adds: "As well as all damages, present or future, which from the evidence can be treated as the necessary result of the injury complained of." 2. Because the language just quoted leaves the jury to determine what are the elements of recovery, when that is a question of law.

The first objection would be well taken if the charge enumerated all the plaintiff's elements of recovery, for in that event the court would be understood as indicating that there was still something else that the jury, in its

discretion, could throw into the award. But the court did not enumerate all of the elements of recovery—the impairment of the sense of smell is one not enumerated. It is conceded that a recovery for that cause is proper if the jury believed the plaintiff's testimony on that point. We are brought, then, to the second ground of objection, and the question is, did the court err in failing to specify the elements of damage for which the jury might make an assessment in the plaintiff's favor ?

*6. As to want of specificness in the court's charge.*

It is not contended that the charge contains a misstatement of the law on the subject, but that it was the court's duty to go further than it did and make the charge more specific.

It was the defendant's right to have the rule for the ascertainment of damages specifically defined by the court, so that the jury would have an accurate guide to conduct them to a proper award. But the defendant should have requested a more specific charge, if it conceived that the jury would be misled by the general language of the charge. It is the settled practice in this State that a party cannot avail himself of an omission which he made no effort to have supplied in the trial court. Our practice is in accord with the following statement from the text of Judge Thompson's work on Charging the Jury, sec. 82 : "If the charge is not a clear misdirection—if there is a *mere tendency* in it to mislead the jury, the defendant must ask additional explanatory instructions, in order to avail himself of its defectiveness in a court of error; but where it *necessarily*  *  *  * misleads the jury, it is a fatal error. Nor will a judgment be reversed, because the charge is so general in its terms as to leave it doubtful whether the jury understood its application to the evidence. Here, as in the preceding case, the remedy of the party is to ask additional instructions before the jury retire. So where the judge has laid down a proposition, which, in the abstract,

is clearly right, but there is something peculiar in the situation of the parties, or their relations to each other, which would require a modification of it, and which has escaped the attention of the judge, it is the duty of counsel to call his attention thereto."

The charge in this case was right in the abstract, and a more specific instruction was not asked by the defendant. There is therefore no reversible error in the charge.

As to excess in the award of damages: The plaintiff had several ribs broken, a hip contused, his nose broken and disfigured, a permanent case of catarrh superinduced and the sense of smell impaired, as results of the injury—at least the jury could have found that state of facts from the testimony. We cannot adjudge that $5000 is an excessive award of damages for these injuries.

7. Damages held not excessive.

Motion denied.