HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. KATE QUILL ET AL.

No. 724. Decided December 12, 1898.

**Jurisdiction of Supreme Court—Conflicting Decisions—Railways—Fences.**

The ruling of the Court of Civil Appeals in this case,—that negligence by a railway in maintaining fences may be ground of recovery for injury to an engineer, ignorant of their defective condition, caused by the presence of animals on the track by occasion of such defects, though there existed no obligation in the first instance to fence the track for the protection of such employe,—does not present such conflict with the rulings in Ward v. Bonner, 80 Texas, 168, or Manson v. Eddy, 3 Texas Civil Appeals, 148, as to give the Supreme Court jurisdiction where the judgment was reversed and cause remanded.

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Waller County.

The railway company obtained writ of error upon a judgment of the Court of Civil Appeals reversing and remanding, upon defendant's appeal, a judgment in its favor in the trial court, on the ground that the decision was in conflict with previous rulings.

*Baker, Botts, Baker & Lovett* and *Frank Andrews*, for plaintiff in error.

*O. T. Holt* and *A. H. Willie & Sons*, for defendants in error.

No brief for either party reached the Reporter.

DENMAN, ASSOCIATE JUSTICE.—"This suit was brought by appellant, Kate Quill, for herself and as next friend of her minor daughter Mary, and by Katherine Quill, the mother of deceased, against appellee to recover damages for the death of James Quill, the husband of Kate and father of Mary Quill.

"It was alleged by plaintiffs that in January, 1886, James Quill, while a locomotive engineer operating one of appellee's engines, was killed by the derailment of the engine, which derailment was caused by a collision with cattle which had entered upon appellee's railroad track through the negligence of appellee to keep its fence along its right of way in repair.

"The appellee (defendant below) answered by a general denial, a plea of contributory negligence, and that deceased at the time he was killed knew that cattle were frequently on appellee's track at places where the road was inclosed, and therefore the danger, if any, in operating the train over the track with cattle upon it was one of the ordinary risks incident to his employment, and such as was assumed by him when he accepted service from appellee as locomotive engineer.

"There was a trial by a jury with peremptory instruction from the court, and a verdict was returned for appellee, upon which the judgment appealed from was entered."

After making the above statement, the Court of Civil Appeals reversed and remanded for a new trial, holding (1) that under the evidence it was a question for the jury to determine "whether deceased had knowledge of the frequent occurrence of cattle upon appellee's railroad track at places where it was fenced," and (2) "while it may not be the duty of a railroad company to servants operating its trains to inclose its roadbed, yet if the company, after having fenced it, negligently permits its fence to become so out of repair that stock can enter upon the track, and if the danger to its employes incident to operating its trains is by such negligence increased, and if by reason of such increased risk one of such employes is injured by the derailment of an engine caused by its collision with stock entering upon the track on account of such defective fence, the company would, in our opinion, be liable in damages for the injury thus occasioned its employes. An engineer accepting employment to operate an engine over a railroad which is inclosed assumes only such risks as are ordinarily incident to operating an engine over an inclosed road, and has the right to assume that the road is properly fenced and the fence in proper repair, and to act upon such assumption in running his engine. And he can not be held to have assumed the risk of his engine being derailed by collision with cattle on the track unless he knew during the course of his employment that the inclosure was so defective as not to prevent cattle from entering upon the track."

The company applied to this court for a writ of error, contending that it has jurisdiction, for the reason that the opinion of the Court of Civil Appeals is in conflict with Ward v. Bonner & Eddy, 80 Texas, 168, and upon this ground we entertained jurisdiction. Upon more mature consideration we are of opinion that such conflict does not exist. The question decided in Ward v. Bonner & Eddy was that the engineer assumed the risk of cattle being upon an *unfenced* track, the court treating a track with fences on each side of the right of way but with no cattle guards at each end to prevent cattle from going onto the right of way as being unfenced, whereas the question decided by the Court of Civil Appeals in the case before us is that the engineer did not assume the risk of cattle getting upon a *fenced* track through the *negligence of the company* in allowing the fence to be out of repair *unless he knew* that it was in such condition. The question of law as to whether the fact that the company had fenced its track reduced the risks assumed by the engineer as held by the Court of Civil Appeals was not involved in the case referred to above. For the same reason the opinion does not conflict with that of the Court of Civil Appeals in Manson v. Eddy, 3 Texas Civil Appeals, 148.

It results that we have no jurisdiction of this reversed and remanded cause, and therefore the order of this court heretofore made granting the application for writ of error is set aside and the application is dismissed for want of jurisdiction.

*Dismissed.*