ANDERSON BROS. v. PARKER CONST. CO. et al. (No. 905.) *

(Court of Civil Appeals of Texas. Beaumont. June 27, 1923. Rehearing Denied Oct. 10, 1923.)

1. Trial ⬩⬩⬩352(1)—Special issue as to arbitration award held not too narrow.

A special issue "was the arbitration award * * * the result of partiality," etc., held not too narrow and limited.

2. Trial ⬩⬩⬩352(5)—Submission may be had of a group of facts, finding on which would be determinative of ultimate issue.

Though a case be submitted on special issues under the statute, a party, properly requesting it, may have any group of facts, properly pleaded and sustained by evidence, submitted, where a finding on the grouped facts would be determinative of the ultimate issue to which they relate, and would control the judgment to be entered as to that issue; but this rule does not allow the framing of an issue requiring answer to mere evidentiary facts tending to prove or disprove the ultimate issue to which they relate.

3. Trial ⬩⬩⬩350(3)—A requested special issue as to arbitration held not ultimate issue of fact.

The requested special issue: Were the arbitrators, during a certain meeting, unfairly, etc., influenced by certain persons? held properly refused, as on a mere evidentiary fact; the ultimate issue of fact concerning the validity of the award, made some time after said meeting, being whether it was tainted with fraud, etc.

4. New trial ⬩⬩⬩47—Mere conversation of juror with interested party not ground.

The mere fact that a juror engaged in conversation with an interested party while the case was on trial, it not being mentioned, is not ground for new trial.

5. New trial ⬩⬩⬩53—Misconduct of juror known but not mentioned till after verdict not ground.

Any misconduct of a juror in conversing with an interested party while the case was on trial, it being known by the adverse party before, but not mentioned till after verdict, is not ground for new trial; complaint being too late.

Appeal from District Court, Liberty County; D. F. Singleton, Judge.

Action by the Parker Construction Company against Anderson Bros., with plea in reconvention by defendants against plaintiff and its bondsmen. From an adverse judgment, defendants appeal. Affirmed.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, for appellants.

Sewall Myer and C. F. Stevens, both of Houston, and J. Llewellyn, of Liberty, for appellee.

HIGHTOWER, C. J. On the 1st day of April, 1918, the appellants, Anderson Bros., and the appellee, Parker Construction Company, entered into a written contract, by the terms of which appellee agreed to build and construct for appellants a brick store house in the town of Cleveland, Liberty county, for the aggregate consideration of $16,800. The building was to be erected according to certain plans and specifications, and was to be completed by a certain date, and if not so completed, appellee was to pay to appellants $10 a day thereafter, until completion, as liquidated damages.

About the first of August following, a dispute arose between the parties, which they were unable to adjust, and they entered into a written agreement binding themselves to leave the matter to the decision of three arbitrators, one to be chosen by each of the parties and the other to be selected by the two so chosen. The appellee chose Mr. John R. Morin, and appellants chose Mr. L. A. Isaacks, and these two selected Mr. T. O. Edminster.

Parker Construction Company was claiming a balance due under the contract for the erection of the building, and Anderson Bros. were contending that the building had not been constructed and completed according to plans and specifications which were made a part of the contract, nor within the time

provided by the contract, and they claimed damages accordingly, specifying the items of damage, one of which was item No. 29, relating to the roof on the building, the amount of which item was $976. There were several other smaller items of damage claimed by Anderson Bros., but further mention of them is immaterial here.

The arbitrators had their first meeting at Cleveland, but nothing was then accomplished, and, on September 19th thereafter, they met in the city of Houston in the balcony of a certain store building and there proceeded to consider of their award. They continued their efforts until after midnight, considering the claims of the parties item by item, and had disposed of all items presented by Anderson Bros. down to item No. 29, relating to the roof of the building. When this item was reached, there was division between the arbitrators, but they decided to allow the item, and had so checked it, and were proceeding to a consideration of the last item presented by Anderson Bros., which was item No. 30. They then procured a stenographer, with a view to putting in proper written form their decision, and had proceeded to dictate from their notes their disposition of the items claimed by Anderson Bros. until they reached item No. 29 for $976, which their notes showed they had decided to allow, and thereupon Mr. Sewall Myer, who was the attorney for Parker Construction Company, and Mr. O. F. Holcombe, its secretary and treasurer, both of whom had come into the building where the arbitrators were, arose and protested against the allowance to Anderson Bros. of the item of $976, Mr. Myer telling the arbitrators that such allowance was not the proper legal measure of damages, and was clearly excessive, etc., and thereupon a discussion arose, the result of which was that two of the arbitrators, Morin and Edminster, declined and refused to go on with the matter at that time, and the meeting was adjourned without any final award being made. Mr. Isaacks, however, vigorously protested against this action, and insisted that the arbitrators should conclude their deliberations on that occasion, and should make their final report, as they had tentatively agreed, but his insistence was unavailing.

After the meeting of the arbitrators on the 19th of September, no further deliberations were had by them until September 28th following, but on that date two of the arbitrators, Morin and Edminster, again met in Houston, and concluded the matter of arbitration by allowing to Parker Construction Company $2,600.35, and by allowing some of Anderson Bros.' claims and rejecting others, and reduced their item No. 29 from $976 to $150, and formally prepared and signed their written report accordingly. Mr. Isaacks declined to attend this final meeting of the arbitrators, and in no manner participated in the final award.

Anderson Bros. claim that the award was the result of fraud, misconduct, and partiality on the part of arbitrators Morin and Edminster, and fraud, misconduct, and intimidation on the part of Mr. Myer and Mr. Holcombe, and that it was unjust and unfair, and refused to abide by the award.

This suit was filed by the Parker Construction Company in the district court of Liberty county against Anderson Bros. on the award of the two arbitrators as made, and concluded on September 28, 1918, for $2,600.35. In the alternative, recovery was sought for the balance claimed to be due under the contract, and further in the alternative upon quantum meruit.

Anderson Bros. answered by general demurrer, general denial, and specially pleaded that the award was void because it was the result of fraud, misconduct, partiality, and unfairness on the part of the two arbitrators Morin and Edminster, stating in that connection the facts upon which the plea was based, and also that the award was the result of fraud, misconduct, and intimidation on the part of Mr. Myer and Mr. Holcombe, stating the facts as they claimed them to be in that connection. They then, by plea in reconvention, sought recovery against the Parker Construction Company and its bondsmen under the contract for the sum of $5,000, the details of which are not before us on this appeal.

The cause was tried with a jury, and was submitted upon special issues, and upon the verdict judgment was rendered in favor of the plaintiff, Parker Construction Company, against defendants, Anderson Bros., for $2,600.35, which was the amount that had been allowed plaintiff by the arbitrators, together with interest thereon at the legal rate from September 28, 1918, the date of the award, together with foreclosure of a lien, etc., on the building, and defendants were permitted to take nothing by their cross-action, and they have prosecuted this appeal. This is the second appeal of the case, the disposition made by us of the first appeal being reported in (Tex. Civ. App.) 222 S. W. 677.

At the first trial, the lower court peremptorily instructed the jury to return a verdict in favor of the plaintiff, upon the theory that there was no evidence raising the issue of the invalidity of the award of the arbitrators in any respect as pleaded by defendants, and entered judgment accordingly. Upon appeal we reversed the judgment, holding that there was sufficient evidence to raise the issue of the invalidity of the award, and we refer to the former opinion for more particularity of the facts pleaded by defendants against the validity of the award. There appears no change in the pleadings since the first trial, and the evidence is practically the same as before.

[1] The first special issue submitted for the jury's answer on the present trial was as follows:

"Was the arbitration award of date September 28, 1918, the result of partiality, unfairness, misconduct, intimidation or fraud? Answer 'It was' or 'It was not,' as you find the facts to be."

To this issue the jury answered: "It was not."

Appellants objected to the form of this special issue, on the ground that it was not a full and fair presentation of the issue to which the question propounded relates, and they here contend that the form of the issue was too narrow and too limited, and that it was calculated to mislead, rather than guide, the jury in their answer to the question. And in connection with their objection to the form of the issue, counsel for defendants suggested the following:

"Was the award of date September 28, 1918, the result of partiality or unfairness or misconduct or intimidation or fraud, on the part of either of the two arbitrators (Edminster and Morin) or on the part of O. F. Holcombe or his attorney, Sewall Myer?"

The trial court declined to change the form of the issue, as framed, by adopting the suggestion of counsel for appellants, and such action of the trial court is assigned as error.

We have given to counsel's proposition and argument relating to this assignment that careful consideration which his high legal attainments and energetic efforts in behalf of his clients in briefing causes demands at our hands, but have reached the conclusion that the assignment on this point cannot be sustained.

Instead of the form of the issue here complained of being too narrow or too limited, and therefore not a fair and full presentation, we think it was quite broad, and permitted to the jury practically unlimited range in determining whether the award sued on was tainted with partiality, unfairness, misconduct, intimidation, or fraud on the part of anybody, or at any time or place. To make the point clear, we repeat the issue in this connection:

"Was the arbitration award of September 28, 1918, the result of partiality, unfairness, misconduct, intimidation or fraud?"

It will be seen at once that the jury, in answering the question, was not limited to the two arbitrators, and Mr. Myers and Mr. Holcombe, who were the only persons alleged by the defendants to have been guilty of partiality, unfairness, misconduct, intimidation or fraud, and also that they were not limited as to any time or place where such fraud or misconduct, if any, occurred. For the very reason that the jury was not so limited by the issue, we are inclined to the

opinion that the plaintiff might have objected to the form of the issue had it desired to do so. We are certain, however, that the objections made by defendants to the issue are not tenable, and that had its form been changed as suggested by counsel for appellants, it would not have been any more favorable to them. This, in effect, disposes of the third and fourth assignments of error.

[2, 3] By the first assignment of error, appellants complain of the trial court's refusal to submit to the jury an issue framed as follows:

"Gentlemen of the jury: The evidence is undisputed that on the night of September 19, 1918, three arbitrators, T. C. Edminster, L. A. Isaacks, and John R. Morin, held a meeting in Houston, Tex., in the balcony of the Landers & Green store, for the purpose of arriving at a decision upon the matters which had been submitted to them for arbitration; and further, the evidence is undisputed that at some time during the proceedings of said meeting that night, Mr. O. F. Holcombe and his attorney, Mr. Sewall Myer, entered the balcony where said meeting was in progress; and further, the evidence is undisputed that the said Sewall Myer objected to the arbitrators allowing Anderson Brothers as much as $976 on the roof, which was one of the items in dispute. And now in reference to that meeting of the arbitrators above mentioned, and what was done there by the arbitrators, you will answer this question, to wit:

"Question No. 1 requested by defendants: Were the arbitrators, during said meeting held on the night of September 19, 1918, unfairly and improperly influenced or intimidated by interference and interruption on the part of either O. F. Holcombe or his attorney, Sewall Myer? Answer Yes or No."

In argument under this assignment, counsel for appellants invoked and would apply the rule announced by our Supreme Court, speaking through Judge Denman, in M. K. & T. Ry. Co. v. McGlamory, 89 Tex. 638, 35 S. W. 1059, as follows:

"Defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts, which, if true, would in law establish such plea. * * * This rule does not permit a litigant to annoy the court or confuse the jury by special charges upon the weight of, or giving prominence to, each circumstance introduced tending to support his cause of action or defense, but requires him, at his peril, to present in such special charge for the consideration of the jury a fact or group of facts, which, if found by them from the evidence to be true, establishes in law some material issue presented by the pleadings."

This rule, so clearly announced by Judge Denman, was followed by an unbroken line of decisions in this state, until the enactment of our present statute, requiring the trial court to submit causes to the jury upon special issues. St. Louis Southwestern Ry. Co. v. Hall, 98 Tex. 481, 85 S. W. 786; Trac-

tion Co. v. Adams, 107 Tex. 614, 183 S. W. 155; St. Louis' Southwestern Ry. Co. v. Casseday, 92 Tex. 528, 50 S. W. 125; G. C. & S. F. Ry. Co. v. Mangham, 95 Tex. 417, 67 S. W. 765; Fort Worth & Denver City Ry. Co. v. Morrow (Tex. Civ. App.) 235 S. W. 667; Fort Worth & Denver City Ry. Co. v. Hawley (Tex. Civ. App.) 235 S. W. 663.

But after the enactment of our present special issue statute, some of our courts of civil appeals took the view that the rule no longer applies where the cause of action is submitted on special issues. This court, however, when first called upon to consider the point in H. E. & W. T. Ry. Co. v. Lynch (Tex. Civ. App.) 208 S. W. 714, upon motion for rehearing, held that the rule still applied, notwithstanding the special issue statute. We again held the rule to be applicable, notwithstanding the statute, in E. T. E. Co. v. Kappe (Tex. Civ. App.) 235 S. W. 253; and this court again held, in effect, that the rule still applied, notwithstanding the statute, in an opinion by Justice Walker, in T. & N. O. R. Co. v. Harrington (Tex. Civ. App.) 209 S. W. 685. A writ of error was granted in that case, and the commission of appeals, reversing our holding on the point, speaking through Judge Powell, held that the rule was no longer applicable, but was abrogated by the special issue statute. T. & N. O. R. Co. v. Harrington (Tex. Civ. App.) 235 S. W. 188.

But the Supreme Court, in an opinion by Judge Greenwood, in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, put the question at rest, and held, as this court had held on all occasions, that the rule announced by Judge Denman in the McGlamory Case still applies, whether a cause be submitted under a general charge or upon special issues under the statute. Among other things, Judge Greenwood said:

"The right of a party plaintiff or defendant to have all fact issues submitted to, and determined by, a jury which he has pleaded and proven, depends in no wise on whether judgment is to be entered on a special or general verdict. The language of the statute is too plain to admit of doubt on this point. Hence the cases settling the rule where general charges are given settle it where special issues are submitted."

And further, Judge Greenwood remarked:

"No change has been made in the right of a party plaintiff or defendant to have all fact issues submitted and determined. The change is that the party who fails to make written request for the submission of an issue is treated as consenting for the court to determine the issue."

We therefore again announce the rule to be that either party to a litigation in the trial court, whether submitted to a jury under a general charge or upon special issues under the statute, is entitled, where he properly requests it, to have any group of facts properly pleaded and sustained by evidence submitted to the jury for consideration and determination, where a finding by the jury upon the facts so grouped would be determinative of the ultimate issue to which such facts relate, and would control the judgment to be entered as to that issue.

But the rule we have just discussed does not contemplate that a party may so frame an issue as to require a jury to make answer to mere evidentiary facts which may tend to prove or disprove the ultimate issue to which they relate. An issue so framed would not submit for the jury's determination the ultimate fact issue, and the jury's answer could not have the effect to control the judgment in that respect, but, on the other hand, might lead to interminable confusion and inconsistencies in the verdict. Rio Grande, etc., Co. v. Guzman (Tex. Civ. App.) 214 S. W. 628; Zucht v. Brooks (Tex. Civ. App.) 216 S. W. 684; Railway Co. v. Williams (Tex. Civ. App.) 217 S. W. 420; San Antonio, etc., Co. v. Dawson, 201 S. W. 247; Jackson v. Graham (Tex. Civ. App.) 205 S. W. 755; Burkett v. Chestnutt (Tex. Civ. App.) 212 S. W. 271; Dallas Hotel Co. v. Fox, supra.

Now, did the issue here under consideration, as framed by counsel for defendants, when presented to the trial court for submission to the jury, present for their consideration and determination an ultimate issue of fact in this case, the answer to which by the jury would control the judgment? We think not. We repeat the question:

"Were the arbitrators, during said meeting held on the night of September 19, 1918, unfairly and improperly influenced or intimidated by interference and interruption on the part of either O. F. Holcombe or his attorney, Sewall Myer?"

The determinative and controlling and ultimate issue of fact touching the validity of the award of the arbitrators in this case was whether or not that award as made on September 28, 1918, was tainted with fraud, misconduct, impartiality, intimidation, or unfairness.

What took place in Houston on September 19th were mere evidentiary facts tending to prove that the award, as made on September 28th following, was tainted as claimed by defendants, but such evidence was not conclusive at all that any conduct on the part of Mr. Myer and Mr. Holcombe on that occasion necessarily entered into or in any manner affected the award of the arbitrators as made on September 28th. Therefore, if the jury had answered the issue in the affirmative, it would not be conclusive as a matter of law that the final award of the arbitrators in this case was invalid or void because of the misconduct of anybody at some prior date, and a determination of the requested issue by the jury in favor of defendants would not have controlled the judgment in this case as to the validity of the final

award; and without a further finding by the jury or by the trial court, that misconduct or fraud, if there was such, on the night of September 19th, in fact, affected and entered into the decision of the arbitrators as finally made, an answer by the jury to the requested issue favorable to the defendants' would have been quite immaterial as a basis for the judgment on that issue. We think that this assignment presents no error on the part of the trial court, and that it must be overruled. What we have said in disposing of the first assignment, in effect, disposes of the second assignment, which is also overruled.

[4, 5] The fifth and last assignment complains of the action of the trial court in refusing appellants' motion for a new trial, upon the ground of misconduct upon the part of one of the jurors who sat in the case. We shall only state briefly the facts upon which this contention is made, because this opinion is already too long. The trial was commenced on May 22, 1922, and the verdict of the jury was not returned until May 27th following. On the afternoon of May 25th, one of the jurors, Dick Cantrell, engaged in a conversation for a period, which some of the witnesses say was as long as 15 minutes, with Mr. O. F. Holcombe, at the railroad depot in the town of Liberty, while the juror was waiting for the arrival of the train, which he was to board and go to the town of Dayton, five miles distant, where he lived. When he got to the depot that evening, he met Mr. Holcombe, the secretary and treasurer of Parker Construction Company, who was also waiting for the same train to carry him to his home in the city of Houston, and the two engaged in a conversation. Mr. Osa Anderson, one of the appellants, testified on the motion for rehearing that he noticed Mr. Holcombe and the juror Cantrell engaged in conversation at the depot, but that he did not hear what they were talking about, but stated that he was only 30 or 40 feet from them, and that they were standing at the edge of the public street there at the depot, and there was nothing in Mr. Anderson's testimony to indicate that the conversation was intended to be private or secret, but the inference to be drawn from Mr. Anderson's testimony is that the juror and Mr. Holcombe had met there at the depot casually, and engaged in a conversation openly and without any effort at secrecy. One of the attorneys for appellants was also present at the depot on this occasion, and his attention was called by Mr. Anderson to the fact that the juror and Mr. Holcombe were engaged in conversation, but notwithstanding the fact that Mr. Anderson and his attorney had seen Mr. Holcombe and the juror engaged in this conversation, they made no mention of it to the trial court, and made no motion to discharge the juror or withdraw their announcement of ready, but went on with the trial of the case to its conclusion two days later; and if there was impropriety or misconduct on the part of this juror and Mr. Holcombe, appellants should have called the trial court's attention to it, and asked some action upon it after it was discovered and known to them, and should not have gone on with the trial with such knowledge, hoping for a favorable verdict from the jury, but if not, then intending to rely upon such misconduct as a ground for setting the verdict aside. Mr. Holcombe and the juror, Mr. Cantrell, were both placed upon the stand on the hearing of the motion, and both testified, emphatically, that this case was not mentioned by either of them, and they both testified as to what they said to each other on this occasion at the depot, and the undisputed evidence on this point is that nothing whatever was said between Holcombe and the juror relative to this case. Counsel for appellants candidly admit in the brief that there is nothing in the evidence on this point to indicate that Mr. Holcombe and the juror Cantrell said anything touching this case, directly or indirectly; but counsel does insist that from the mere fact that this juror engaged in conversation with an interested party in the case, the verdict was thereby vitiated, and that the court erred in refusing his motion for new trial on that ground. Counsel cities no authority that has gone so far. Several authorities are cited in connection with this contention, but the appellate court in each of those cases reversed the judgment, because of such misconduct on the part of the jurors as drinking and eating with interested parties or their counsel, or where jurors had accepted favors from interested parties or counsel during the trial of a case. All courts should, we think, be careful to safeguard jury trials, and this court would not hesitate to reverse any judgment where the record might disclose that improper conduct between parties litigant or their counsel and jurors in the trial of a case had been engaged in during the trial. We cannot hold, however, that the mere showing that a juror in the trial of a case engaged in a brief conversation with a party to the suit, where there is no evidence of secrecy or that the conversation was even private, and it is affirmatively shown, without dispute, that the cause under consideration was in no manner mentioned or alluded to, ought to reverse a judgment of the trial court. But, as we have indicated above in this connection, we are also of the opinion that this case could not be reversed upon the ground now under consideration because the complaint of appellants came too late. Williams v. Phelps (Tex. Civ. App.) 171 S. W. 1100; Clark v. Elmendorf (Tex. Civ. App.) 78 S. W. 538.

Believing that no reversible error has been pointed out in case, it is ordered that the judgment of the trial court be affirmed.